## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## McCULLY v. McCULLY.

December 13th, 1883.

1. PARTNERSHIP—*Resulting trusts.*—Where two partners agree, by parol or otherwise, that the profits of the firm shall be invested in real estate for their joint benefit, and one partner receives the profits, invests same in real estate and takes the conveyances in his own name alone, a trust will be held in equity to have resulted in behalf of the other partner to the extent of his interest in the funds therein invested.

2. PRACTICE IN CHANCERY—*Issue out of chancery.*—Where the evidence is conflicting, the credibility of the witnesses involved, and the chancellor feels the necessity of a trial by jury to satisfy his conscience upon the question of fact before him for determination, it is proper to award an issue out of chancery.

3. IDEM—*Idem—Verdict—Report—Decree.*—Where the issue has been properly awarded, and the verdict of the jury, the report of the master, and the opinion of the chancellor, before each of whom the witnesses testified, all concur, it would be an unusual exercise of jurisdiction for the appellate court to reverse the decree.

Appeal from decree of corporation court of Danville, rendered 11th April, 1881, in the chancery cause of Thomas McCully v. James R. McCully.

Opinion states the case.

*Cabell, Peatross & Harris,* and *Green & Miller,* for the appellant.

*E. E. Bouldin,* for the appellee.

LACY, J., delivered the opinion of the court.

This is an appeal from a decree of the corporation court of Danville, rendered on the 11th day of April, 1881.

The case is as follows: At the August rules, 1878, the appellee filed his bill against the appellant, asking that a settlement might be had between the said appellee and the appellant of the transactions of a partnership, which had for years existed between them in the restaurant business in the town of Danville, and which had been then dissolved; that complainant had conducted the business, the profits of which had been, in great part, paid to the defendant to invest in real estate for the benefit of both partners; that defendant had invested some of this money in real estate in the name of both partners, but availing himself of the confidence existing between the two, had bought other real estate with other money belonging to the partnership and which had been entrusted to him to buy with, and had obtained, without the knowledge of the complainant, deeds in his own name; that when remonstated with had promised to convey to complainant one-half interest in this real estate, but had neglected to do so, and now refused; that complainant had spent the best years of his life in this business, and the money had been entrusted to his brother and partner, who had charge of that part of the joint business, who had availed himself of his opportunities to deprive him of his just rights. The defendant answered, denying the partnership and the other statements of the bill, and alleging that the real estate in question belonged to him; that it had been bought with his individual funds, and not with the partnership funds.

The testimony was taken of many witnesses in the town, including those of the two parties to the suit, and their father. An issue ordered and tried, out of chancery, by a jury, and a verdict rendered April, 1879. The jury found that a partnership existed between the complainant and defendant, as charged in the complainant's bill.

The court decreed upon the said verdict, and ordered accounts to be taken upon evidence before a commissioner,

who reported; and the court decreed upon the coming in of the said report, which was filed November 27, 1880, in pursuance of the decree of August, 1879, the exceptions of the defendant, and the report of the receiver appointed in the cause.

On the 11th day of April, 1881, this decree was entered, by which the court overruled all of the exceptions of the defendant to the said report, and approved the same in all respects, and decreed that the several lots of land claimed by the complainant's bill as partnership property, which had been conveyed to the defendant alone, and certain other lots conveyed to both complainant and defendant, were, at the institution of the suit, partnership property of the complainant and defendant, in which each had an equal interest, except one, which, since the institution of the suit, had been sold to pay a partnership debt, and bought by one of the parties, and for that the purchase money was held to be substituted; and the partnership debts having been all paid, the court decreed partition of the several lots, and appointed commissioners to make the several allotments, and to divide the personal property as well.

From this decree the appellant appealed to this court.

The appellant complains first, of the decree of April, 1879, because it directed an issue upon which a jury should inquire whether there was a copartnership between the complainant and defendant. That the defendant had flatly denied this and every other material allegation of the bill, and could be overcome only by one witness and corroborating circumstances; and that the bill should have been dismissed without the intervention of a jury. The complainant had testified in direct conflict with the answer, and all the circumstances seemed to corroborate the charge of a partnership. The business had been done in the name of the complainant, both as to receipts and disbursements, and some of the purchased land had been conveyed in the name

of both. The evidence was conflicting, involving to a considerable extent the credibility of some of the witnesses. "An issue out of chancery, except in cases of contested wills, is a mere incident to the suit. Its object is to satisfy the conscience of the chancellor in a doubtful case. If he is not satisfied with it, he may set it aside and grant a new trial, or he may proceed to decide the same without the intervention of another jury. *Lamberts* v. *Cooper's Ex'or*, 29 Gratt. 64. No injury can result to the defendant certainly in awarding it, unless it be a case in which the bill ought to be dismissed at the hearing." *Almond* v. *Wilson*, 75 Va. p. 626.

The issue was properly awarded in this case, if the chancellor felt the necessity of a trial by jury to satisfy his conscience upon the question of a partnership between the parties, and as the evidence was conflicting, and the credibility of witnesses involved, it was right to submit the question to a jury. The jury found, as we have seen, that a partnership existed, and there was no motion to set aside the verdict at the time of the trial, which was April, 1879, and no certificate of the facts or of the evidence asked for until 1881, when it was too late to certify the evidence which was given orally nearly two years before.

The evidence in the cause shows, by a decided preponderance, that this partnership existed; that the funds of the partnership were used to buy the real estate in question, which was conveyed to one partner; that this partnership money was used to buy the lands in question, and a trust is implied in favor of the plaintiffs, the money having come from that source; and it may be proved by parol that the money belonged to the partnership. *Brook* v. *Washington*, 8 Gratt. 248; 2d Minor's Inst. 192.

"In this case we have the verdict of a jury, the report of the commissioner, and the opinion of the chancellor, all concurring, each one of whom was confronted with the wit-

nesses, and had the fullest opportunity of testing their accuracy, credibility, and sources and means of information, under the test of a public cross-examination. Under such circumstances, it would be an unusual exercise of appellate jurisdiction for this court to reverse the decree of the court below. Such a course would be in violation of the practice and rule of this court from the foundation of the government. The cases are numerous, and are perfectly familiar to the profession." Such was the language of this court in the recent case of *Almond* v. *Wilson, supra,* and it applies with equal force to this case.

These two brothers lived for all these years in the same community; one occupying for years a position of public trust, a part of the time sergeant of the city; the other keeping a public house, which seems to have done an unusually large business. Both had, doubtlessly, a large, if not a general acquaintance with all the people of the town. When they come to their controversy they contradict each other on oath, a jury of their countrymen passes between them; their father and more than two score of their fellow-citizens are called to testify. The jury which saw and heard the witnesses, the judge who likewise saw and heard them, and the commissioner who saw and heard them, all agree; and this court did not hear the evidence at the trial, nor has it been certified to this court. We are of opinion that the verdict of the jury in this case should not be set aside, and that the court below did not err in not setting it aside. And we are further of opinion that the partnership having been proved to exist, and that the land in question having been purchased with partnership funds, it has been rightly held to be partnership property; and that there is no error in the decree complained of, and that the same must be affirmed.

DECREE AFFIRMED.