# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### EWAN, EXECUTOR v. LOUTHAN AND OTHERS.

#### January 13, 1910.

#### Absent, Buchanan, J.

1. APPEAL AND ERROR—*Issue Out of Chancery—When Ordered.*—Where a charge of fraud is involved, and the evidence is conflicting, and involves the credibility of witnesses, and the proof is not sufficiently definite and certain to satisfy this court that the ends of justice have been obtained by the decree of the trial court, it will reverse the decree and remand the cause for the trial of an issue out of chancery to determine the matter in controversy.

2. GIFTS—*Burden of Proof—Issue Out of Chancery.*—Where a suit in chancery is brought by an executor to recover the possession of bonds of his testator in the hands of one who claims them as a gift from the testator in his lifetime, and an issue out of chancery is ordered to ascertain whether or not there was a completed gift, and whether the testator was induced to make the gift by fraud or undue influence, the burden of proof is on the claimant of the bonds to show that he holds them by virtue of a completed gift made in good faith.

Appeal from a decree of the Circuit Court of the city of Williamsburg and James City county. Decree for the defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*J. N. Stubbs,* for the appellant.

*B. D. Peachy* and *John W. Friend,* for appellee, H. T Louthan.

KEITH, P., delivered the opinion of the court.

The bill in this case was filed by B. H. Ewan, executor of Mrs. Henrietta H. Van Name, and charges that she died leaving a will in which he was appointed executor; that upon his qualification he discovered that one H. T. Louthan had in his possession two bonds of $500 each, to-wit: Nos. 33 and 34 of the Williamsburg Knitting Mill, payable to bearer, which he claims belong to the estate of his testatrix, and that she in her lifetime never parted with the title to these bonds, and they ought to come into his hands as part of her estate; that so believing he served notice upon H. T. Louthan and comes into equity asking that an injunction be granted him to restrain Louthan from collecting or transferring said bonds, and the Williamsburg Knitting Mill from paying said bonds to Louthan or any other person.

Louthan answered this bill, admitting that he is in possession of the two bonds, but denying that at the time of her death they belonged to Mrs. Van Name, or that her executor since her death has any right, title or interest in them at law or in equity. Many depositions were taken, and at the hearing the bill was dismissed; and that decree is before us for review.

We do not care to go into a discussion of the evidence, further than to say that it is conflicting and involves the credibility of witnesses; that a charge of fraud is to be determined, and the proof is not sufficiently definite and certain to satisfy us that the ends of justice have been attained by the decree of the circuit court; and in order that the subject may be more fully investigated, an issue in chancery should be framed and tried before a jury to ascertain whether or not the bonds of the Williamsburg Knitting Mill Company Nos. 33 and 34, for the sum of $500 each, which were the property of Mrs. Van Name, were placed by her in the possession of H. T. Louthan under such circumstances and conditions as constituted a complete gift to him of the said bonds; and if the jury shall believe that the bonds aforesaid were given to H. T. Louthan by Mrs. Van Name in her lifetime, whether she was induced to make the gift

by fraud or undue influence; and that upon the trial of these issues before the jury the burden shall be upon H. T. Louthan to show that he holds the bonds by virtue of a completed gift made to him in good faith. *Morgan* v. *Booker,* 106 Va. 369, 56 S. E. 137; *Helm* v. *Lynchburg Bank,* 106 Va. 603, 56 S. E. 598.

The decree of the circuit court is reversed and the cause remanded to be further proceeded with in accordance with the views expressed herein.

*Reversed.*