𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

SHOEMAKER, ASSIGNEE, V. SHOEMAKER'S ADMINISTRATOR
AND OTHERS.

November 16, 1911.

1. APPEAL AND ERROR—*Issue Out of Chancery—Failure to Order—Issue of Non Est Factum.*—Where the evidence in a suit in chancery, on an issue made on the plea of *non est factum,* involves not only the credibility of witnesses, but the charge of both perjury and forgery on the part of some of the witnesses who testified in the cause, it is peculiarly a case for a jury, and the chancellor should, of his own motion, order an issue out of chancery. If he has failed to do so, and proceeded to hear and determine the issue himself, and this court, on appeal, is not satisfied that the ends of justice have been attained, it will reverse and remand the cause with directions to empanel a jury and determine said issue.

Appeal from a decree of the Circuit Court of Russell county. Decree for defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*W. W. Bird,* for the appellant.

*Finney & Wilson,* for the appellees.

CARDWELL, J., delivered the opinion.

The controversy involved in this appeal is with respect to a bond alleged to have been executed on the 1st day of August, 1908, by James M. Shoemaker, who it appears resided in Russell county, Virginia, was never married and

had accumulated some property. His nearest relatives and heirs at law were four brothers, one sister and two nephews, children of a deceased brother; one of the brothers, Isaac Shoemaker, being a resident of Scott county, Va., whom James M. Shoemaker had been in the habit of visiting at irregular intervals, his visits being sometimes prolonged as much as two weeks or more. It is claimed by appellant that while on a visit to his brother, Isaac, the bond here in question for $1,077, payable one day after its date, was executed by James M. Shoemaker to B. H. H. Shoemaker, a son of Isaac Shoemaker, and by B. H. H. Shoemaker, assigned to appellant, another son of Isaac Shoemaker.

James M. Shoemaker died intestate at his home in Russell county in September, 1908, but a short time after the date of said bond, and A. D. Shoemaker was duly appointed and qualified as his administrator. Some time after the death of James M. Shoemaker, appellant presented the said bond to said administrator for payment, which was refused, although the bond had been approved and allowed by the commissioner of accounts for Russell county as a debt against the estate of James M. Shoemaker, deceased, but whether payment was refused because of the want of sufficient personal assets of said decedent's estate to pay it, or for what reason, does not appear and is not material. Payment of the bond having been refused, appellant filed his bill in this cause against the administrator and heirs at law of James M. Shoemaker, deceased, the purpose of which was to enforce its payment out of the personal assets in the administrator's hands, if sufficient, and if not out of the proceeds of the sale of the real estate owned by James M. Shoemaker at his death.

To the bill the administrator filed a separate answer, some of the other defendants their joint and several answers, and at the same term of the court two of the defendants filed their plea of *non est factum*, verified by their

affidavit. The answers set up as a defense want of consideration and the incompetency of James M. Shoemaker to dispose of his estate at the time the said bond purports to have been executed, but defendants offered no evidence in support of either of those defenses, and the case was litigated and finally determined by the circuit court upon the plea of *non est factum* interposed by two of the defendants, the decree of the court being adverse to appellant, and his bill was dismissed.

There was some evidence brought out by appellees in the conduct of the case upon their cross-examination of witnesses for appellant, tending to show that there was no consideration for the execution of the bond in controversy, but it is conceded here that the plea of *non est factum* presents the only defense, relied upon by appellees. The question, therefore, presented on this appeal is whether or not the appellant has successfully carried the burden cast upon him by the plea of *non est factum,* of proving the genuineness of the signature of James M. Shoemaker to the disputed bond.

We shall not go into a discussion of the evidence, further than to say that it involves not only the credibility of witnesses, but the charge of both forgery and perjury on the part of some of the witnesses who have testified in the case; and the proof is not, in our opinion, sufficiently definite and certain to satisfy us that the ends of justice have been attained by the decree complained of. With the strong circumstances, both favorable and adverse to the genuineness of the bond, appearing from the depositions taken and considered at the hearing of the case, it is one peculiarly for a jury, and the error of the court was in not ordering of its own motion an issue out of chancery. Wherefore, in order that the subject may be more fully investigated, the decree of the circuit court will be reversed and the cause remanded with directions that a jury be impaneled to try

and determine at the bar of the court the issue of fact involved, viz., whether or not the signature of James M. Shoemaker to the disputed bond is genuine; and upon the trial of that issue before the jury, the burden of proving the genuineness of the signature in question shall be upon the appellant.

*Reversed.*