## Richmond

### BOARD OF SUPERVISORS OF HANOVER COUNTY V. VAUGHAN, TREASURER.

January 12, 1915.

Absent, Keith, P.

1. LIMITATION OF ACTIONS—*Action Against Treasurer for Excessive Commissions Allowed—Treasurer as Trustee.*—Money received by a county treasurer in good faith as compensation for his services, and allowed to him in a settlement with the board of supervisors regularly made is not held by him as trustee, and the statute of limitations applies to an action against him to recover it back. The receipt of money by a public officer under color or claim of right does not render such officer an express trustee for the persons claiming the right to recover back the money wrongfully received, and the statute of limitations applies.

2. COUNTY TREASURER—*Excessive Commissions—Suit to Recover—Errors Against Treasurer—Case in Judgment—Legislative Construction of Sections 613, 614 and 1515 of Code, as Amended.*—If a county comes into a court of equity seeking to have corrected settlements made with the county treasurer on account of errors against the county, and to recover excessive commissions allowed the treasurer in such settlements, there is no reason why the errors in favor of the county as to such commissions as well as those against it, if any, should not be corrected. In the case in judgment, the county treasurer was properly allowed commission on the county levy and the county school fund according to the construction placed by the act of March 23, 1912, on sections 613, 614 and 1515 of the Code, as amended.

Appeal from a decree of the Circuit Court of Hanover county. Decree for the defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*George P. Haw,* for the appellant.

*Hill Carter,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

The controversy in this court between the board of supervisors of Hanover county, the appellant, and H. Guy Vaughan, treasurer of the county, appellee, is over certain commissions allowed him for collecting and disbursing the county and school levies, etc., in the years 1907, 1909 and 1910, in excess, as the appellant claims, of the commissions the appellee was entitled to under the law.

The commissions sought to be recovered from the appellee for the year 1907 amount to $376.19, and if erroneously claimed by him and allowed by the board of supervisors, it was the result as is conceded of an erroneous construction of the law as to what commissions the appellee was entitled to.

Sections 613 and 614 of the Code, as amended by an act approved March 15, 1904, (Acts 1904, ch. 196, pp. 310-311) provide:

"Section 613.   Compensation of treasurers for receiving and paying over revenue.—Every treasurer shall be allowed for his services in receiving and paying over the revenue on amounts of fifteen thousand dollars, and less, five *per centum,* and on amounts in excess of fifteen thousand dollars three and one-half *per centum,* which shall be the entire compensation allowed treasurers in counties and cities in which the revenue exceeds fifteen thousand dollars; provided, that in counties in which the revenue does not exceed ten thousand dollars, he shall, in addition to the five *per centum,* receive four *per centum* on all revenues remaining

unpaid on December first and collected by him: and in counties in which the revenue exceeds ten thousand and does not exceed fifteen thousand dollars he shall, in addition to the five *per centum*, receive three *per centum* on all the revenue remaining unpaid December first and collected by him; provided, further, that the commissions of the city treasurer for collecting and paying over the revenue, where the annual collection is in excess of sixty thousand dollars, shall be at the rate of two *per centum* on such excess; provided, further, that where the revenue exceeds fifteen thousand dollars, but is not sufficiently in excess thereof to make the treasurer's compensation as much as it would have been had such revenue been less than fifteen thousand dollars, the treasurer shall be entitled to two *per centum* commission on all revenue remaining unpaid the first of December and collected by him up to fifteen thousand dollars.

"Section 614. Their compensation for receiving and disbursing levies.—The county treasurer shall be allowed for his services in receiving and disbursing the county and school levies, including all moneys collected by order of the county authorities for any purpose, and the city treasurer shall be allowed for his services in receiving and disbursing the city and school levies (where he is collector of such levies) the same rate of compensation allowed by the preceding section for receiving and paying over the revenues, except that on all amounts over fifteen thousand dollars he shall be allowed three and one-half *per centum*, and in the county of Pittsylvania the board of supervisors of said county may fix the compensation of the treasurers of said county. But upon all funds turned over by any outgoing county treasurer his successor for receiving and disbursing said funds shall not have more than two *per centum* commission."

Mr. Vaughan was elected treasurer in the year 1906 and went into office the first of January following. The former

treasurer, whose term of office expired on the 31st of December, 1906, had collected a large portion of the revenue so that the uncollected tax tickets that went into the hands of Mr. Vaughan for collection amounted to less than $15,000. In making up his statement for settling with the Auditor of Public Accounts, Mr. Vaughan proceeded upon the theory that he was entitled to five *per cent.* commissions on the first $15,000, and three and one-half *per cent.* on any excess over that sum; but the Auditor declined to settle upon that basis, and held that he was entitled to more, and allowed him a commission of eight *per cent.* on the whole of the revenue collected by him, it being less than $15,000. Mr. Vaughan, before settling with the board of supervisors, advised with counsel, informing him of the rate *per cent.* of commissions allowed by the Auditor, and asked if he was entitled to the same commissions upon the county levies, etc., collected by him that he was upon the State revenue, and was advised that he was. In his settlement with the board of supervisors, he claimed and was allowed the same *per cent.* commissions on the county levies collected by him.

The appellee not only claims that the Auditor's construction of the law was correct and that he was entitled to the commissions allowed him in the said settlement with the board of supervisors, but insists that even if he were not the right of the board to recover it is barred by the statute of limitations, since this suit was not instituted until more than three years after said settlement, allowance and payment were made.

It may be conceded for the purposes of this case that a county treasurer is an express trustee and cannot avail himself of the plea of the statute of limitations as to moneys in his hands as treasurer; but the money sought to be recovered is not in the hands of the treasurer as such. It was allowed to him as compensation for his services in a settlement with the board of supervisors regularly made, and was

received by him in good faith as his own. The receipt of money by a public officer under color or claim of right does not render such officer an express trustee for the persons claiming the right to recover back the money wrongfully received, and the statute of limitations applies. See 25 Cyc. 1164; *Churchman, etc.* v. *City of Indianapolis,* 110 Ind. 259, 11 N. E. 301.

In the case of *Redford* v. *Clark,* 100 Va. 115, 40 S. E. 630, it was said, quoting with approval the language of the court in *Sheppard* v. *Turpin,* 3 Gratt. (44 Va.) 373, that the "authorities, English and American, are abundant to show that the only trusts which are excepted from the statute of limitations are the technical trusts which fall peculiarly and exclusively within the cognizance of a court of equity, and that the equitable exception taking trusts out of the operation of the statute extends only to actual and express trusts as between *cestui que trust* and trustees properly so-called, and does not embrace those trusts which are matters of implication and construction . . ."

In the case of *Johnson* v. *Black,* 103 Va. 477, 49 S. E. 633, 68 L. R. A. 264, 106 Am. St. Rep. 890, it was held that the members of a board of supervisors, who had as such board made allowances to themselves and received the same from the treasury of the county when there was no color of authority for such allowance, were merely implied or constructive, not express trustees, and could avail themselves of the bar of the three years statute of limitations in a suit against them by tax-payers for the benefit of the county to recover the moneys thus improperly received by them.

Clearly, a county treasurer who received money from the treasury of the county under the circumstances disclosed by this record is no more an express trustee than were the

members of the board of supervisors under the facts and circumstances of that case.

This suit not having been instituted until June, 1913, more than three years after the said commissions of $376.19 had been allowed by the appellant and received by the appellee, the right to recover is barred by the statute of limitations. This being so, it becomes unnecessary to consider the question of the legal right of the appellee to the said commissions since its decision could not affect the result in this case.

The next question is as to the alleged excess of commissions for the years 1909 and 1910, received by the appellee.

It seems that under sections 613 and 614, as amended by the act of March 13, 1908 (Acts 1908, ch. 244, p. 363), as those sections were construed by the parties, the appellee had received for the year 1909 $93.12, and for the year 1910 $46.11 more commissions than he was entitled to. There being differences of opinion as to the manner in which a treasurer's commissions should be ascertained under those sections of the Code, the General Assembly passed an act approved March 23, 1912, (Acts, 1912, ch. 348, p. 686), entitled "An act to construe and make plain how treasurers' commissions are to be paid," under sections 613, 614 and 1515 of the Code, as amended, which declared that said sections should be construed as follows: "In computing commissions of the treasurer for receiving and disbursing State revenues under section six hundred and thirteen, such revenues shall be treated as a separate and distinct fund; in computing his commissions for receiving and disbursing the county levies, except those for school purposes, including all moneys collected by order of the county authorities for any purpose under section six hundred and fourteen, such county levies, except those for school purposes, including all moneys collected by order of the county authorities for any purpose, shall be treated as a separate and distinct fund,

and in computing his commissions under section one thousand five hundred and fifteen for receiving and disbursing county and district school levies, such levies shall be treated as a separate and distinct fund.

"All acts or parts of acts in conflict herewith are hereby repealed."

It is not controverted, as we understand counsel for the appellant, that if commissions are allowed the appellee for the years 1909 and 1910, according to the construction placed upon sections 613, 614 and 1515 by the said act of March 23, 1912, the appellee was not allowed and did not receive any more, if as much, commissions as he was entitled to for those years. Neither does said counsel deny, but concedes, that the act of March 23, 1912, is a valid and binding act, and that it controls in the construction of the sections referred to as to all settlements made previous to its passage which do not disturb rights which had vested prior to its passage; but his contention is, as we understand him, that since it appears in this case that the appellee had made his settlements for the years 1909 and 1910, and did not claim and receive commissions on the county levies other than for school purposes as one fund, and on the levies for school purposes as another separate and distinct fund, as he had the right to do under sections 613, 614 and 1515 as construed by the act of March 23, 1912, but claimed commissions on the said two funds as one, he cannot in this proceeding claim the benefit of the construing act.

This contention cannot be sustained. If the appellant had been satisfied with the settlements made for the years 1909 and 1910, and not sought to have them corrected, there would be some force in the contention that the appellee ought not to be permitted to disturb them in order to get commissions which he did not claim when the settlements were made; but when the appellant comes into a court of equity seeking to have those settlements corrected for errors

made against the county, alleging errors as to commissions allowed appellee as well as to other items in said settlements, there is no reason why the errors in favor of the appellant as to the appellee's commissions as well as those against it, if any, should not be corrected.

It follows from what has been said that the court is of opinion that there is no error in the decree complained of to the prejudice of the appellant, and that it should be affirmed.

*Affirmed.*