## Wytheville.

## BERRY AND OTHERS v. BERRY'S EXECUTOR AND OTHERS.

June 8, 1916.

Absent, Cardwell, J.

1. EXECUTORS AND ADMINISTRATORS—*Distributive Shares—Payment—Personal Note—Limitation of Actions—Express Trust.*—Where an administrator has made a final settlement of his account, which has been confirmed, showing the payment to all the distributees of their shares of the estate, when in fact he gave his notes to two of them who did not wish the money, upon which notes he paid the interest semi-annually till his death, the relation between him and the distributees is that of debtor and creditor, and the act of limitations begins to run from the maturity of said notes, in the absence of any evidence of an express trust.

2. EXPRESS TRUST—*Parol Evidence to Establish.*—An express trust in either real or personal property may be created by parol, but the evidence to establish it must be clear and convincing.

3. LIMITATION OF ACTIONS—*Express Trusts—Implied Trusts.*—The equitable exception, taking a trust out of the operation of the statute of limitations, extends only to actual and express trusts as between the *cestui que trust* and the trustee properly so called, and does not embrace those trusts which are matters of implication and construction.

Appeal from a decree of the Chancery Court of the city of Richmond sustaining the defense of the statute of limitations to certain notes proved against decedent's estate. Creditors appeal.

*Affirmed.*

The opinion states the case.

*James Lewis Anderson* and *Daniel Grinnan,* for the appellants.

*Coke & Pickerell* and *Julien Gunn,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

Celeste Berry and Alberta Lanier were sisters of Oscar H. Berry, deceased, who by his will constituted Celeste Berry and Rolfe E. Glover his executors and trustees. In January, 1914, the executors and trustees filed a bill in the Chancery Court of the city of Richmond to administer the estate of Oscar H. Berry, deceased, under the direction of the court, and an account of the indebtedness of the estate was ordered. This appeal is from a decree of the chancery court overruling the exceptions of appellants to the disallowance by the commissioner, on the interposition of the statute of limitations by Glover as executor and trustee, of two debts asserted against the estate, each for $1,200, with interest from July 1, 1913, evidenced by notes of Oscar H. Berry, dated July 15, 1897, and payable on demand, the one to the order of Celeste Berry, and the other to the order of Alberta W. Lanier.

The commissioner reports as follows: "It appears from said evidence that the debt evidenced by each of these notes arose under the following circumstances: Oscar H. Berry was, in 1889, the administrator of the estate of David H. Berry, deceased, his father, and upon a settlement of said estate there was in his hands a balance of $1,200.00 due to each of his said sisters, which sums he tendered or offered to pay them, but neither of them received the money, each telling him to keep it and invest or hold it for her; that she did not have any use for or know how to invest it. He did keep it, and afterwards, in order that they might have evidence of the debt, executed the two above mentioned notes

of July 15, 1897, having in the mean time paid the interest on the debts semi-annually, and continued to pay the interest semi-annually until his death."

Appellants insist that these facts establish an express and continuing trust to which the statute of limitations does not apply; while appellees allege that they disclose the relation of debtor and creditor between the parties.

We are of opinion that the latter is the correct view of the transaction. It is conceded that originally a trust, or *quasi* trust, existed between Berry, as administrator of his father, and appellants with respect to their distributive shares in the estate. *Jones* v. *Jones*, 92 Va. 590, 24 S. E. 255. But the commissioner's report sets forth that, "The records of this court show that Oscar H. Berry, as administrator of the estate of David H. Berry, made a final settlement of his accounts as such fiduciary and that the persons entitled to the estate of David H. Berry, deceased, including Alberta W. Lanier and Celeste Berry, received in full their distributive shares thereof. . . Said account was confirmed April 14, 1892." The former trust thus having terminated, it was incumbent upon appellants to establish a new express trust between Berry and themselves by clear and convincing evidence. *Kline* v. *Kline*, 103 Va. 257, 48 S. E. 882; *Garrett* v. *Rutherford*, 108 Va. 478, 62 S. E. 389; *Young* v. *Holland*, 117 Va. 433, 435, 84 S. E. 637; *McMonagle* v. *McGlinn*, 85 Fed. 88; Pom. Eq. sec. 1009; 39 Cyc. 75, 84.

It cannot be predicated of appellant's evidence that it is clear and convincing. · On the contrary, the testimony of the witnesses for appellants is vague and inconclusive, and more than outweighed by the making and acceptance of ordinary demand notes for the

amounts due, and repeated payments of interest thereon. Again, the testimony of Norman as to Berry's contemporaneous statement casts light on his intention in making the notes. He said: "The girls have got too much money and they don't know what to do with it, and I want to take it, and you will fill out the notes." Nothing is shown that placed any limitations upon his using the money as he pleased, or to indicate that he was not to be personally liable on the notes. If the money had been prudently invested and lost, inevitably, upon all the evidence, the burden of it would have fallen on him. In short, there is nothing on the face of the transaction to distinguish it from an ordinary loan, where the money becomes the property of the borrower and the security belongs to the creditor.

It is true that an express trust in either personal property or land can be created by parol. *Young* v. *Holland, supra;* *Shield* v. *Adkins*, 117 Va. 614, 85 S. E. 492. Yet, as we have seen, such transactions are safeguarded by requiring clear and convincing evidence to establish them. And, besides, "The equitable exception, taking a trust out of the operation of the statute, extends only to actual and express trusts as between *cestui que trust* and trustees properly so-called, and does not embrace those trusts which are matters of implication and construction." *Board of Supervisors* v. *Vaughan*, 117 Va. 146, 83 S. E. 1056; *Sheppard* v. *Turpin*, 3 Gratt. (44 Va.) 373; *Redford* v. *Clark*, 100 Va. 115, 40 S. E. 630; *Johnson* v. *Black*, 103 Va. 477, 49 S. E. 633, 68 L. R. A. 264, 106 Am. St. Rep. 890.

Our conclusion is that the relation between Berry and appellants was that of debtor and creditor, and

that their claims are barred by the statute of limitations. *De Baun's Ex'x* v. *De Baun*, post, p. 85, 59 S. E. 239, decided at this term.

There is no error in the decree appealed from, and it must be affirmed.

*Affirmed.*