## Wytheville.

## CLARY AND OTHERS v. SPAIN.

### June 8, 1916.

#### Absent, Cardwell, J.

1. INFANTS—*Contracts Voidable—Infant Trustees—Equity Jurisdiction.*— Ordinarily an infant may disavow a contract made during his infancy, but an infant may be a trustee, and if he holds property as trustee, a court of equity will enforce the trust. The trust, though in land, may be established by parol.

2. TRUSTS AND TRUSTEES—*Payments by Parent—Conveyance to Child—Presumption—Rebutting.*—Where the purchase money for land is paid by a parent but the conveyance is to the child, there is a presumption that the conveyance was intended as an advancement, and a trust does not arise in favor of the parent, but this presumption may be, and in the instant case has been, rebutted by evidence.

3. EQUITY JURISDICTION—*Deeds by Infants not Subject to Disaffirmance.*— Where infants have made a deed which a court of equity would have compelled them to make, they cannot disaffirm it on coming of age, yet the fact of their infancy at the time of making the deed constitutes an infirmity in the grantee's title which a court of equity has jurisdiction to remove on a proper bill filed for the purpose.

Appeal from a decree of the Circuit Court of Brunswick county. Decree for the complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*B. A. Lewis,* for the appellants.

*Turnbull & Turnbull,* for the appellee.

KEITH, P., delivered the opinion of the court.

This suit originated in a bill filed by N. E. Spain, in which she states that in January, 1915, she came to the county of Brunswick, in which she was born, and had been reared, with the purpose of investing money which she had saved in a farm near her old home. Her daughter, Murdie, had theretofore intermarried with R. R. Clary, and the daughter and her husband were anxious that complainant should purchase a certain farm owned by Purdy and Peebles, with a view to her daughter, her son-in-law and herself making their home upon the farm. Not having fully made up her mind with respect to the transaction, she finally purchased the tract of 63 acres from Peebles and Purdy and took a deed therefor in the name of R. E. Clary and Murdie, his wife. The deed was made to them with the understanding that if complainant decided to live upon the land Clary and wife would execute to her a deed therefor, but if she decided to purchase a farm in another county Clary and wife were to execute to her a deed of trust for $2,500, the purchase price of the farm; that afterwards, on the 1st day of March, 1915, complainant decided to live upon the farm, and so informed Clary and wife, and in accordance with their agreement, on the 10th day of March, 1915, they executed to her a deed for the property, which deed was duly recorded in the clerk's office of Brunswick county. The complainant then goes on to state that she is advised that a deed executed by infants is voidable at the option of the infants until they have attained the age of twenty-one years, and a reasonable time thereafter, and that in order for complainant to secure a proper deed for the property purchased as aforesaid, it is necessary for her to file a bill in equity,

setting forth the facts, that a commissioner may be appointed to convey to her the property by a good and sufficient deed.

Complainant further represents that the purchase price of this property represents all her savings for the past sixteen years, which she desires to invest in a farm, for the purpose of making a living for herself and her seven children, all of whom are infants, and she is advised that when she furnished the money to Clary and wife with which to purchase the farm from Peebles and Purdy they held the real estate in trust for complainant, and that if defendants are not capable of conveying the property to her by a good and sufficient title, a court of equity will grant her relief and cause proper deed to be made. She, therefore, prays that R. E. Clary and Murdie, his wife, may be made parties defendant to this cause, and be required to answer, but an oath is waived to the answer, and that the court will decree that a commissioner be appointed to execute a deed to complainant for the land in controversy, and for such other and general relief as the nature of the case may require, etc.

The defendants demurred to the bill, the principal ground of demurrer being that the respondents, being infants, may elect after arriving at the age of twenty-one years to disaffirm and disavow, and that the court is without jurisdiction to take from respondents such right to disaffirm, disavow and repudiate the deed; that if it be true that respondents took the property with the express understanding and agreement that it would be subsequently conveyed by them to the complainant and thereby created a resulting trust, such contract or agreement to so reconvey the property is a contract which respondents may repudiate, disavow and disaffirm upon arriving at full age, and this court

CLARY *v.* SPAIN, 119 VA. 58.

is without jurisdiction to deprive them of the right to do so.

The demurrer was overruled, the defendants answered, evidence was taken which fully supported the averments of the bill, and a decree was entered appointing a commissioner to convey the land in the bill mentioned to the complainant; and from that decree an appeal was allowed by this court.

Ordinarily an infant may disavow a contract made during his infancy; but it is also well settled that an infant may be a trustee, and if he holds the property as trustee a court of equity will enforce the trust; and under the authority of *Young* v. *Holland*, 117 Va. 433, 848 S. E. 637, an express trust for land may be created by parol. The only deposition taken in the case was that of the appellee, Mrs. Spain, which fully proves that she paid the entire purchase price with her own money, and that the deed in the first place should be made to her son-in-law and daughter, with the understanding that if she decided to live upon the farm, they were to convey the same to her, and that if she decided to buy a farm outside of the county they were to execute a deed of trust upon the property, originally conveyed to them, to repay to her the amount of the purchase money. This being all the evidence in the case, there can be no doubt that it comes directly within the authority of *Young* v. *Holland, supra.* As will be seen from that case, where the purchase money is paid by a parent and a deed is made to a child, there is a presumption that it was intended as an advancement and a trust in it will not result upon the payment of the purchase money, but this is a presumption which may be rebutted, and is rebutted by the testimony of Mrs. Spain.

Clary and wife have made a deed in accordance with their promise—a deed which, under ordinary circumstances, is voidable but not void; but under the circumstances of the case under consideration, they having done only what a court of equity would have required them to do, they would not have been permitted to disaffirm it upon coming of age. Yet, upon the face of the transaction, the fact that they were infants at the time of executing their deed to Mrs. Spain, filed with the bill, would have constituted an infirmity in title which would seriously have impaired its value to Mrs. Spain. It would, therefore, seem to be within the province of a court of equity to remove this infirmity, which constitutes a defect in title, and assure to the appellee a good marketable title to land which she had bought and paid for. See *U. S. Investment Corp.* v. *Ulrickson*, 84 Minn. 14, 86 N. W. 613, 87 Am. St. Rep. 326; *MacGreal* v. *Taylor*, 167 U. S. 688, 17 Sup. Ct. 961, 42 L. Ed. 326; *Monumental Bldg. Asso.* v. *Herman*, 33 Md. 128; *Smith* v. *Henkel*, 81 Va. 524.

Upon the whole case we are of opinion that there is no error in the decree, which is affirmed.

*Affirmed.*