# Richmond.

## HOOK v. HOOK.

### November 20, 1919.

1. TRUSTS AND TRUSTEES—*Creation of Trust by Parol.*—In Virginia an express trust in land may be created by parol and is enforceable in a court of equity.

2. TRUSTS AND TRUSTEES—*Parol Trust in Land—Evidence to Establish.*—As in suits to set up lost deeds and the like, and to establish title by parol to property which ordinarily the law requires shall pass only by deed or will, the jurisdiction of equity to enforce a parol trust in land is regarded as dangerous, and its exercise should be safeguarded by requiring of him who invokes it the production of clear and ·convincing evidence in support of his claim.

3. ISSUES TO THE JURY—*Express Trust Created by Parol—Case at Bar.*—In the instant case defendant alleged that complainant, who was his sister, was only the nominal purchaser of the land in controversy, while defendant was the actual purchaser; and that complainant holds the title for his benefit under an express trust to convey the property to him when he shall have paid her sums of money for which he acknowledges liability. On the other hand, complainant alleged that defendant was her tenant. The record disclosed a bitter controversy between a brother and sister, who upon the vital issue in the case positively contradict each other on oath; much of the evidence of their principal witnesses was uncertain and conflicting, and involved their credibility.

   *Held:* That under these circumstances an issue out of chancery should have been ordered.

4. APPEAL AND ERROR—*Issue Out of Chancery.*—Where the chancellor (although not requested to do so) has failed to order an issue out of chancery in a proper case, and has proceeded to hear and determine the case, and the Supreme Court of Appeals is not satisfied that the ends of justice have been attained, it will reverse and remand the cause, with directions to impanel a jury and determine the issue.

5. TRUSTS AND TRUSTEES—*Burden of Proof—Parol Trust in Land.*— Where defendant in a suit in equity asserts that complainant holds the title to the land in controversy for his benefit under

32

an express parol trust to convey the property to him when he has paid complainant certain sums of money acknowledged to be due, and complainant alleges that defendant is her tenant, the burden of proof on an issue out of chancery to determine the respective contentions of complainant and defendant rests upon defendant.

Appeal from a decree of the Circuit Court of Highland county. Decree for defendant. Complainant appeals.

> *Reversed and remanded.*

The opinion states the case.

*C. S. McNulty, John M. Colaw* and *Jackson & Henson,* for the appellant.

*Andrew L. Jones, Timberlake & Nelson, Curry & Curry,* and *L. Travis White,* for the appellee.

WHITTLE, P., delivered the opinion of the court.

In accordance with the will of John M. Hook, deceased, the 630 acres of land in controversy was sold in a suit for partition on November 15, 1902, and George W. Hook, a son of the testator, became the purchaser at the price of $5,920. He paid in cash $414.40, and made three notes for the deferred payments with appellant, Lillian V. Hook, his sister, and M. E. Hook, wife of appellee, A. J. Hook, as sureties. M. E. Hook took a child's share in testator's estate under the will, subject to certain debts that her husband owed the estate, and on condition that the portion so willed to her was to be her property as long as she remained the wife of A. J. Hook; but in the event that she should be separated from her husband by death or otherwise, then her share should revert to him. She sub-

sequently obtained an absolute divorce from her husband in a suit in West Virginia.

The interests of George W. Hook, Lillian V. Hook and A. J. Hook in the estate of their father were credited on the purchase price of the land. But George W. Hook having made default in payment of the residue of the purchase money, the land was resold on January 6, 1905, and Lillian V. Hook became the purchaser at the price of $2,500. The second sale was confirmed, the purchase money paid, and title conveyed to the purchaser by proper deed which was duly recorded. Between the dates of the first and second sale, A. J. Hook, who had been a resident of West Virginia, returned to Highland county and took up his abode on the land and has remained in possession of it ever since.

For convenience Lillian V. Hook will be designated "plaintiff" and A. J. Hook "defendant."

In November, 1914, plaintiff filed her bill against defendant in the Circuit Court of Highland county, alleging, among other things, that she had advanced to him $400 to be invested in stock for the farm, which defendant was to occupy as her tenant; that the increase from the stock and proceeds from the farm were to yield a net money rental of at least $500 per annum; that for three years the rent was to be applied by defendant in payment of a debt due by plaintiff to G. O. Flesher, for which he held her bond for $1,500, and thereafter was to be paid to plaintiff; that at the time of the purchase of the land plaintiff borrowed from Flesher $2,000 (which was used in paying the purchase price), for which she executed two bonds, one for $1,500 and the other for $500, both payable on demand; and that defendant had failed to pay to Flesher the installments of rent according to the agreement. The bill prays for an accounting by defendant, and charges that he had been guilty of waste in cutting and selling tan bark and timber from the land, and further prays for an injunction and for general relief.

Defendant by answer and cross-bill claims that although the land was bought by plaintiff and conveyed to her, nevertheless, that he is the beneficial owner thereof, subject only to the payment by him of the unpaid purchase money, and the repayment to her of certain moneys for which he acknowledges liability and expresses willingness to pay. In other words, the cross-bill alleges an agreement between the parties to the effect that plaintiff was only the nominal purchaser of the land, while defendant was the actual purchaser; and that she holds the title for his benefit under an express trust to convey the property to him when he shall have paid the sums of money above referred to.

Upon these pleadings voluminous depositions were taken, upon consideration of which the circuit court passed the decree under review establishing the trust, and decreeing an accounting between the parties; and that upon payment by defendant to plaintiff of the amounts for which he might be liable, she should convey the land to him by deed with special warranty of title. From that decree this appeal was granted.

[1, 2] The law is settled in this State that an express trust in land may be created by parol, and is enforceable in a court of equity. *Young* v. *Holland,* 117 Va. 433, 84 S. E. 637; *Shield* v. *Adkins,* 117 Va. 616, 85 S. E. 492; *Taylor* v. *Delaney,* 118 Va. 203, 86 S. E. 831; *Berry* v. *Berry,* 119 Va. 9, 89 S. E. 242; *Clary* v. *Spain,* 119 Va. 58, 89 S. E. 130; *Fleenor* v. *Hensley,* 121 Va. 367, 93 S. E. 582. Nevertheless, as in suits to set up lost deeds and the like, and to establish title by parol to property which ordinarily the law requires shall pass only by deed or will, such jurisdiction is regarded dangerous, and the exercise of which should be safeguarded by requiring of him who invokes it the production of clear and convincing evidence in support of his claim. See cases *supra,* and *Branham* v. *Clinchfield*

*Corporation,* 123 Va. 346, 96 S. E. 761, and cases cited in the opinion.

[3] In the instant case, in light of the foregoing principles, upon a painstaking and solicitous examination of the evidence and consideration of the written opinion of the careful and able judge who decided the case below, we entertain grave doubts as to whether the ends of justice have been reached by the decree under review; and moreover, are not satisfied, in the present state of the record, that plaintiff is entitled to a decision in her favor. The record discloses a bitter controversy between a brother and sister, who upon the vital issue in the case positively contradict each other on oath, and raises a question of truth and veracity between them and of the good faith of their respective contentions. Nor does the conflict end with the testimony of the chief actors in the litigation; much of the evidence of their principal witnesses is uncertain and conflicting and involves their credibility. In these circumstances we feel that the truth of the case can best be determined by submitting the issue to the arbitrament of a jury, who, after seeing and hearing the parties and their witnesses, can form a correct judgment of their intelligence, character and credibility, and arrive at a just conclusion on the merits of the controversy. The direction of an issue in such case is in accord with the decisions of this court for more than a century. Many of the authorities will be found in notes to *Lovell* v. *Gold's Adm'r,* 25 *Gratt.* (66 Va.) 473, Va. Rep. Ann. 451.

Among the earlier cases, that of *Knibb's Ex'r* v. *Dixon's Ex'r,* 1 Rand. (22 Va.) 249, in principle, is strongly in point. It was there held, that where it is doubtful from the evidence whether a deed, absolute on its face, was or was not intended as a mortgage, an issue should be directed to try the question. We desire also to direct attention to the case of *McCully* v. *McCully,* 78 Va. 159, a controversy be-

tween two brothers, who were partners, over the owner-ship of certain lots, title to which had been taken in the name of one of the partners, where the ruling of the court in ordering an issue was affirmed. See also, *Williams* v. *Blakey,* 76 Va. 254, *Keagy* v. *Trout,* 85 Va. 390, 7 S. E. 329.

[4] The rule is also well settled that where the chan-cellor (although not requested to do so) has failed to order an issue out of chancery in a proper case, and has pro-ceeded to hear and determine the case, "and this court, on appeal, is not satisfied that the ends of justice have been attained, it will reverse and remand the cause with direc-tions to empanel a jury to determine the issue." *Shoe-maker* v. *Shoemaker,* 112 Va. 798, 72 S. E. 684. *Catron* v. *Norton Hardware Co.,* 123 Va. 380, 96 S. E. 853, contains a lucid and valuable discussion of the principles which should control the direction of an issue out of chancery, though in that particular case a majority of the court were of opinion that an issue was not necessary. At page 386 of 123 Va., at page 855 of 96 S. E., it is said: "While di-recting an issue to be tried by a jury is a matter of dis-cretion with a court of equity, it is not an arbitrary discre-tion, but one to be exercised upon sound principles of rea-son and justice. A mistake in its exercise is just ground of appeal, and the appellate court will determine whether or not it has been properly exercised in a given case. It is error to direct an issue when it should not have been exercised, and it is equally error to fail to direct one where it should have been directed. The object of the issue is to inform the conscience of the chancellor, and for this pur-pose he may direct it though not requested by either party. *Morgan* v. *Booker,* 106 Va. 369, 56 S. E. 137; * * * *Ewan* v. *Louthan,* 110 Va. 575, 66 S. E. 869; *Miller* v. *Wills,* 95 Va. 337, 28 S. E. 337; *Stevens* v. *Duckett,* 107 Va. 17, 57 S. E. 601; *Shoemaker* v. *Shoemaker,* 112 Va. 798, 72 S. E. 684."

It may be observed that counsel on both sides, while

maintaining the sufficiency of their own evidence, are agreed that if the decree of the circuit court is reversed and the case remanded, an issue out of chancery ought to be directed.

[5] On these considerations, we are of opinion, upon the whole case, to reverse the decree of the circuit court, and remand the case with direction that an issue out of chancery be ordered to be tried before a jury, and so framed as to cover the respective contentions of the appellant and appellee relative to the ownership of the 630 acres of land involved in this litigation. And upon the trial of that issure A. J. Hook, on whom the burden of proof rests, shall occupy the position of plaintiff and Lillian V. Hook the position of defendant. Upon determination of the main issue, minor questions can be taken care of by proper references to a commissioner in chancery.

*Reversed and remanded.*