# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## TAYLOR AND OTHERS v. DELANEY.

### November 11, 1915.

1. TRUSTS AND TRUSTEES—*Express Trust in Land—Evidence Required.*— In order to establish an express trust in real estate by parol evidence, the declaration must be unequivocal and explicit, and established by clear and convincing testimony. The evidence in the case in judgment does not measure up to this standard.

2. TRUSTS AND TRUSTEES — *Resulting Trust — Payment of Purchase Money—Husband and Wife.*—Where the purchase price of land is paid by the husband, but the conveyance is made to his wife, no presumption of a resulting trust in favor of the husband arises, but it will be regarded *prima facie* as an advancement to the wife. It is, however, always a question of intention, and it may be shown by parol evidence that the purchase was in fact exclusively for the benefit of the husband.

Appeal from a decree of the Circuit Court of Pulaski county. Decree for the complainant. Defendants appeal.

*Reversed.*

The opinion states the case.

*E. Lee Trinkle* and *H. C. Gilmer,* for the appellants.

*Scott & Buchanan, B. H. Davis* and *John S. Draper,* for the appellees.

KEITH, P., delivered the opinion of the court.

Delaney filed his bill in this case in December, 1912, and avers that in 1899 he, having accumulated between five and eight hundred dollars in cash, entered into negotiations with

the Lake Spring Land and Improvement Company for the purchase of a tract of land in Pulaski county. He was at that time living with his wife, Caroline, in the town of Pulaski, he being a colored man without education, unable to read or write, while his wife was well educated and an unusually good business woman. He alleges that when the purchase of the land was closed, he directed his wife to pay the purchase money therefor, which was deposited in bank in her name, and to have the property conveyed to him and to her jointly; that the purchase money was paid wholly out of his funds and he supposed the deed had been made in accordance with his direction; that he took possession of the property, built a house thereon, and he and his wife made it their home until her death in 1912; that sometime in the year 1905 or 1906 he was informed that the deed had been made to his wife in fee simple; that he went immediately to his wife and inquired of her whether he had been correctly informed, and, upon her admitting the truth of his information, he demanded of her that she have the deed corrected and the property conveyed in accordance with his instructions at the time of the purchase; that she refused to do so, and although he often repeated his demand she died with the legal title to the whole property, when she was only entitled to one undivided half thereof, and that one-half only as a gift from him; that when his wife died she left a will, which was duly probated on April 5, 1912, and among other provisions devised to the complainant, Edward Delaney, "a life interest in the real estate which I may die seized of, possessed of, or entitled to in Pulaski county, and at his death the same to pass equally to my brother and sister, A. Winton Taylor and Margaret Taylor to be held by them during their natural lives, and at their respective deaths to pass *per stirpes* to their respective children, living at the death of the parent;" that complainant having paid all of the purchase money for the land, and having directed the same to be conveyed to himself and his wife jointly, though she pro-

cured the deed to be made to her, she held the same in trust, one-half for herself and one-half for him in fee, and he is entitled to have her heirs at law convey to him an undivided half interest in said property in fee.

The proper parties were made defendants to this bill and filed their answer, of which it is sufficient to say that it puts in issue every material allegation of the bill.

Depositions were taken and a decree rendered in favor of complainant, declaring him to be entitled to one undivided half interest in the land in fee, and to an estate for life in the remaining undivided half thereof. To this decree an appeal was allowed.

In order to maintain the issue upon his part, Delaney went upon the stand and certain formal and immaterial questions were asked him; and, thereupon, defendants excepted to his evidence on the ground that he was incompetent to testify, because he is the plaintiff in the suit and his wife, Caroline, Delaney, is dead. The judge of the circuit court, upon this point, decreed as follows: "that the complainant, Edward Delaney, is incompetent to testify as to communications passing between himself and his deceased wife, doth sustain the exceptions of the defendants to that extent."

The appellants maintain that he was wholly incompetent, while the claim on behalf of the appellees is, that the opponent must object at the time of the offering of the witness, and that if he allows this time to go by, though aware of the ground of objection, he should be treated as waiving the objection. Citing *Hord* v. *Colbert,* 28 Gratt. (69 Va.) 49, 54, 1 Wigmore on Evidence, secs. 486, 586.

We do not deem it necessary to a decision of this case to pass upon this point, as the ruling of the circuit court excludes the important features of Delaney's testimony.

In *Garrett* v. *Rutherford,* 108 Va. 478, 62 S. E. 389, which was a suit to establish an express trust in real estate by parol evidence, it is said, that the declaration must be unequivocal

and explicit, and · established by clear and convincing testimony; that testimony of witnesses as to verbal admissions made by a husband more than thirty years previous to the times of their testifying, and as to casual conversations between husband · and wife had many years ago, is not sufficient to establish a trust in favor of the wife.

1 Greenleaf on Evidence (14th Ed.), sec. 200, is relied upon in that case. "With respect to all verbal admissions, it may be observed that they ought to be received with great caution. The evidence, consisting as it does in the mere repetition of oral statements, is subject to much inperfection and mistake; the party himself being misinformed, or not having clearly expressed his own meaning, or the witness having misunderstood him. It frequently happens, also, that the witness, by unintentionally altering a few of the expressions really used, gives an effect to the statement completely at variance with what the party actually did say."

In *Jesser* v. *Armentrout,* 100 Va. 666, 42 S. E. 681, it is said: "If a parol trust can be created in lands, the declaration should be unequivocal and explicit, and established by clear and convincing testimony." Authorities without end could be multiplied on that point.

There is much evidence to show that the purchase money was paid in this case by the wife out of her own funds; that she was a careful, economical and industrious woman; and there is no clear preponderance of proof in favor of the husband as to whose money it was that paid the consideration for the land in question. When we consider that the property was. purchased in 1899, that the knowledge of the contents of the deed came to the appellee not later than 1905, that he waited from that time until after his wife had died and he had married a second time before this suit was brought to December rules, 1912, and that this lapse of time is not satisfactorily accounted for, we feel all the more bound to require clear and convincing testimony from the complainant.

But as between husband and wife, it is not sufficient to show that it was the husband's money that paid the consideration for the deed.

In *Irvine* v. *Greever,* 32 Gratt. (73 Va.) 411, Judge Staples delivering the opinion of the court, says: "The doctrine generally, if not universally, recognized is that when a conveyance of real estate is made to one person, and the consideration paid by another, it is presumed that the party advancing the money intended a benefit to himself, and accordingly a resulting trust is raised in his behalf. But when the conveyance is taken to a wife or child, or to any other person for whom the purchaser is under an obligation to provide, no such presumption attaches. On the contrary, the inference in such case is that the purchase was designed as an advancement to the person to whom the conveyance is made. It is, however, always a question of intention, and the trust in favor of the wife or child may be rebutted by parol proof, showing that the party intended the purcahse for his own benefit exclusively."

In *Deck* v. *Tabler,* 41 W. Va. 332, 23 S. E. 721, 56 Am. St. Rep. 837, it is said that "a resulting trust does not arise in favor of a person who furnishes money with which to purchase property, the conveyance being taken in the name of another, if there is a legal and moral obligation on the part of the former to provide for the latter, as where the parties are wife or child of the person whose funds have been so employed. The presumption that under such circumstances no trust was intended is one of fact, and not of law, and may be rebutted by evidence of circumstances tending to show the existence of a trust. Declarations of a husband after the death of his wife are not sufficient to establish a resulting trust in his favor in land purchased and paid for by him and by his direction conveyed to her."

In a note to this case in 56 Am. St. Rep., at p. 843, it is said: "Where a person making a purchase of land in the name of another and paying the consideration himself is under a

natural or moral obligation to provide for the person in whose name the conveyance is taken, no presumption of a resulting trust arises, but it will be regarded *prima facie* as an advancement for the benefit of the nominal purchaser."

It is clear, therefore, upon the law that no trust resulted to Delaney, even though it were conceded that he paid the purchase money, for the presumption would be that it was intended for the benefit of his wife. If, therefore, he prevails in this case it must be by proof of an express trust, and the evidence adduced by him is not of that clear and explicit character required in such cases, especially when along with the facts we consider, as we must do, that the purchase was made thirteen years before the bill was filed, seven years after the contents of the deed were made known to Delaney, and after the death of his wife, the other party to the transaction.

We are, therefore, of opinion that the decree of the circuit court should be reversed, and the bill dismissed.

*Reversed.*