𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

## FLEENOR V. HENSLEY.

### September 20, 1917.

1. TRUSTS AND TRUSTEES—*Parol*—An express trust in real estate may be created by parol, but the declaration must be unequivocal and explicit and established by clear and convincing testimony.

2. TRUSTS AND TRUSTEES—*Parol Trust—Consideration.*—On principle, it is immaterial from whom the consideration is derived to support an express trust. In this particular an express trust created by parol, cannot differ from such a trust created by writing. The consideration may move from any donor of it for the benefit of a *cestui que trust* other than the donor. It need not move from the *cestui que trust,* and usually does not. All persons who have the capacity to hold and dispose of property can impress a trust upon it. If a trust has been completely declared, the absence of a valuable consideration (moving from the *cestui que trust*) is entirely immaterial.

3. TRUSTS AND TRUSTEES—*Express Trust.*—A voluntary trust is an equitable gift *inter vivos,* and needs no consideration moving from the *cestui que trust* to support it. And it is not essential to its validity that the beneficiary should have had notice of its creation or have assented to it.

4. TRUSTS AND TRUSTEES—*Fraud—Enforcement in Equity.*—A court of equity will not enforce a trust created for an illegal or fraudulent purpose.

5. TRUSTS AND TRUSTEES—*Enforcement of Trust—Fraud—Issue Not Made by the Pleadings*—In a suit in equity to enforce against defendant an express trust created by parol agreement, in a certain tract of land, defendant contended that the trust was created for a fraudulent purpose, namely, to shield from his creditors the consideration furnished by a son of the complainant.

   *Held:* Although the evidence in the cause pointed very strongly toward that conclusion, yet as the issue was not made by the pleadings in the cause, this defense was not available to defendant.

6. EQUITY—*Pleadings.*—A court of equity can decree only upon the case made by the pleadings. This is especially true where fraud is relied on as established by the proof. It must be distinctly alleged in the pleadings, otherwise it cannot be the basis of any decree.

7. TRUSTS AND TRUSTEES—*Enforcement.*—In a suit in equity to enforce an express trust created by parol agreement in a certain tract of land, it appeared from the evidence that defendant accepted the trust for complainant and another; that complainant's interest at that time was not undivided, but a specific part of the land set apart to her by partition; that this was known to defendant at the time he accepted the trust; that such specific portion of land belonging to complainant was reduced by the sale and conveyance, to the specific parcel of land claimed by her in her bill.

*Held:* That complainant was entitled to a decree against defendant for a conveyance of such specific parcel of land, and not, as contended by defendant, to an undivided interest in the land.

Appeal from a decree of the Circuit Court of Scott county. Decree for complainant. Defendant appeals.

*Affirmed.*

## STATEMENT OF THE CASE AND FACTS.

This is a suit in equity by the appellee, Eliza Hensley, to enforce against the appellant an express trust, created by parol agreement, in a certain tract of land described in the bill by definite metes and bounds, said to contain about 75 acres.

The evidence is conflicting, but the preponderance of proof establishes the following facts:

The legal title to said land, along with other land, together aggregating some 400 acres, was at one time vested in one W. H. Hensley, a son of said appellee. By deed dated and duly recorded March 10, 1888, W. H. Hensley conveyed all of such 400 acres of land to his wife, Martha E. Hensley. Creditors of W. H. Hensley, whose debt was

contracted prior to the execution of the last named deed, instituted suit to subject such land to the payment of such debt, alleging that said deed was made by Hensley to his wife "without valuable consideration and wholly voluntary on his part and for the purpose of hindering, delaying and defrauding creditors." In that suit an account of liens was taken; the whole of the 400 acres of land was held liable to be subjected for the payment of the debt of the plaintiffs in such suit and for the payment of certain other unpaid purchase money and deed of trust debts of said W. H. Hensley. Accordingly this land was sold in such suit, by a commissioner of court, on the terms of cash enough to pay costs and expenses of suit and sale and the residue on a credit of six and twelve months, with interest, the purchaser to give bond and good security therefor. At this sale the appellant became the purchaser at the price of $1,025.00 in gross and not by the acre.

The testimony for said appellee is clear and convincing that the appellant made such purchase under an unequivocal and explicit declaration by him that he did so "for Liz" (said appellee) "and Marth" (said Martha E. Hensley) : that prior to the purchase, appellant agreed that he would convey such land to the two last named parties as soon as they had paid the purchase money in full; and that E. H. Hensley, the husband of said appellee, and said W. H. Hensley on the day of sale, procured appellant to bid in the land for Eliza and Martha Hensley and that the latter had previously authorized them to do so. That W. H. Hensley was the chief actor in the transaction in behalf of his wife and mother. That no part of the purchase money was paid by appellant. That the cash payment of $196.00 or $197.00 was made for Eliza and Martha Hensley by W. H. Hensley and E. H. Hensley, the former furnishing the greater part of it. That they procured the sureties who united with appellant in the bonds for the deferred pay-

47

ments of purchase money.   That the residue of the purchase money was paid from the sale of a portion of the 400 acres of land to one Burdine after both of the said purchase money bonds were past due.   That the sale to Burdine was negotiated and effected by W. H. Hensley, the latter in fact acting for his wife and mother, though this was not disclosed by him to Burdine further than the latter was then informed presumably by W. H. Hensley), that appellant had "bid in the land for the Hensleys." Burdine paid the purchase money due by him to the commissioner of court; the latter conveyed the 350 acres of land (the said 400 acres less the 50 acres hereinafter mentioned) to appellant; and appellant made the deed to Burdine of the portion of it aforesaid sold the latter as aforesaid.

It is true appellant, who married a daughter of said appellee and hence was a son-in-law of hers and a brother-in-law of W. H. Hensley, denies the existence of any trust and any declaration of his to the effect aforesaid, but without going into details it is deemed sufficient to say that his action in making the deed to Burdine and otherwise (his statements and explanations on this subject being not convincing) and other statements of his than his declaration above quoted, are clearly proved and are inconsistent with his position that he bought the land for himself.   He insists upon the position that all of his dealings in connection with the matter were with W. H. Hensley alone, and that he never knew the said appellee or the wife of W. H. Hensley in the transaction, and he suggests in his testimony that W. H. Hensley's purpose was to shield the land from future liabilities to judgment and other debts of the latter, left unsatisfied from the sale of the land in said suit; intimates that for this reason W. H. Hensley did not purchase the land in his own name; and mentions some non-lien indebtedness of W. H. Hensley to himself (the appel-

lant). In the pleadings in the cause, appellant made no such issue. Therein he goes no further than to deny the existence of any trust and the allegation that the purchase of the land by him was an absolute purchase for his own benefit alone.

The facts further appear that the appellee as far back as 1892 was the equitable owner of some 130 acres of said 400 acres of land. By reason of the deed aforesaid from W. H. Hensley to his wife the latter became thereunder the owner of the residue of such land, subject to the payment of existing debts of W. H. Hensley. Prior to the whole 400 acres being subjected by its sale aforesaid, a parol partition was made of this land between said appellee and said wife of said W. H. Hensley, by which the 130 acre parcel owned by said appellee was set apart to her by metes and bounds. These metes and bounds were the same as those set out in a deed appearing in the record dated in 1892 purporting to be from said W. H. Hensley and wife to said appellee conveying to the latter such 130 acre parcel of land, but executed and acknowledged by such wife only (hence inoperative) and was not recorded. Said appellee, however, took possession of such land and has continued to live on it ever since, except that part of this parcel was included in the said sale to Burdine, leaving remaining thereof to said appellee the land described and claimed in the bill.

In the progress of said suit, in which appellant purchased the land aforesaid, it developed that W. H. Hensley and wife had conveyed away fifty acres of such land by a deed, good against the creditors whose debts were asserted in such suit, so that when the conveyance was made to appellant by the commissioner of court, only 350 acres of said land was conveyed to him.

Subsequently to his purchase of the land aforesaid appellant had a transaction of an exchange of land with W.

H. Hensley and wife. Appellant conveyed to the wife of W. H. Hensley a certain tract of land owned by him in consideration of $250.00 and, as he contends, the whole 350 acres of land aforesaid, which he claims belonged wholly to such wife. He denies the ownership of said appellee of any part of it and all knowledge of said 130 acres formerly belonging to said appellee, or of said partition between the latter and the wife of W. H. Hensley, or of said appellee's ownership of the remainder of such 130 acre parcel after deducting the portion thereof included in the sale to Burdine. But without going further into detail, it is sufficient to say that appellant's statements on this subject also are not convincing. The deed executed by appellant carrying out such exchange is not in evidence, so no light is thrown thereby on the true consideration for it. The preponderance of evidence, including the fact of said occupancy and possession of said appellee, establishes that such exchange by appellant was for the interest of W. H. Hensley and wife only in the 350 acres of land, and did not include the interest of said appellee therein, consisting of the land in the bill mentioned. The relationship and situation of the parties and of the land is such that it seems clear from the whole record that appellant all along knew of the ownership by said appellee of the land claimed in her bill.

The explanation which appellant and his wife in their testimony give of this exchange transaction is that W. H. Hensley complained to appellant that the latter "had not given enough for the land at the sale" and wanted the said exchange made for that reason, and for that reason appellant consented to it. But the preponderance of evidence is against this being a correct explanation of this transaction.

*S. H. Bond,* for the appellant.

*W. S. Cox* and *E. T. Carter,* for the appellees.

SIMS, J., after making the foregoing statement, delivered the opinion of the court.

The question of the validity of express trusts in real estate, created by parol, which was long an open one in this State, is now settled in their favor. *Young* v. *Holland,* 117 Va. 433, 84 S. E. 637.

It is true the declaration must be unequivocal and explicit and established by clear and convincing testimony. *Taylor* v. *Delaney,* 118 Va. 203, 86 S. E. 831. As appears from the statement of facts above, however, the evidence in the case before us measures up to this rule.

It is urged in behalf of appellant that in order that a trust, resulting or express, may be established, the purchase money must have been paid by the beneficiary of the alleged trust, and 1 Minor on Real Prop., sec. 467-473, is cited to sustain such position. The learned author cited is, in the sections of his work referred to, treating of trusts created by operation of law or the implied intention of the parties, where there is no express declaration of trust; not of express trusts. 3 Pom. Jur., sec. 987 *et seq.* The trust in suit before us falls within the latter class.

On principle, it is immaterial from whom the consideration is derived to support an express trust. In this particular an express trust created by parol, cannot differ from such a trust created by writing. The consideration may move from any donor of it for the benefit of a *cestui que trust* other than the donor. It need not move from the *cestui que trust,* and usually does not. "All persons who have the capacity to hold and dispose of property can impress a trust upon it." 3 Pom. Eq. Jur., sec. 987. "If a

trust has been completely declared, the absence of a valu-
able consideration" (moving from the *cestui que trust*)
"is entirely immaterial." 3 Pom. Eq. Jur., secs. 996-7. The
declaration, indeed, may come from the donor (when other-
wise admissible in evidence), as well as from the trustee.
An acceptance by the trustee is all that is necessary to
bind him. *Idem*, sec. 1007. A voluntary trust is an equit-
able gift *inter vivos* and needs no consideration moving
from the *cestui que trust* to support it. *Bath Savings Inst.
v. Hathorn*, 88 Me. 122, 33 Atl. 836, 32 L. R. A. 377, 51
Am. St. Rep. 382. And "it is not essential to its validity
that the beneficiary should have had notice of its creation
or have assented to it." *Idem*, citing and quoting from
*Connecticut River Sav. Bk. v. Albee*, 64 Vt. 571, 25 Atl. 487,
33 Am. St. Rep. 944.

It is true that equity will not enforce a trust created for
an illegal or fraudulent purpose (Pom. Eq. Jur., sec. 987)
and it is contended for appellant that the trust in the case
before us was created for a fraudulent purpose—namely,
to shield from his creditors whatever consideration W. H.
Hensley furnished therefor or whatever interest in or
benefit from the property he might acquire thereby. The
evidence in the cause does point very strongly toward that
conclusion.

But this issue is not made by the pleadings in the cause.
A court of equity can decree only upon the case made by
the pleadings. *Mundy v. Vawter*, 3 Gratt. (44 Va.) 518;
*Grigsby v. Weaver*, 5 Leigh (32 Va.) 215; *Kent's Adm'r.
v. Kent's Adm'r.*, 82 Va. 206; *Linkous v. Stevens*, 116 Va.
898, 905-6, 83 S. E. 417; *Murphy's Hotel Co. v. Herndon's
Adm'r.*, 120 Va. 505, 91 S. E. 634. This is especially true
where fraud is relied on as established by the proof. It
must be distinctly alleged in the pleadings, otherwise it
cannot be the basis of any decree. *Gregory v. Peoples*, 80
Va. 355; *Welfley v. Shenandoah &c.*, 83 Va. 768, 3 S. E.

376; *University of Va.* v. *Snyder,* 100 Va. 567, 42 S. E. 337; *Saunders* v. *Parrish,* 86 Va. 592, 10 S. E. 748; *Wheby* v. *Moir,* 102 Va. 875, 47 S. E. 1005. "An answer must aver all the essentials of the defense." *Rorer Iron Co.* v. *Trout,* 83 Va. 397, 2 S. E. 713, 5 Am. St. Rep. 285. There is no allegation in the answer of appellant in the case before us of any fraud.

It is further contended for appellant that it is contrary to public policy to employ a party to bid in land at a judicial sale and to thus create a secret trust in favor of the wife and mother of the insolvent debtor whose land was sold, that a court of equity will not lend its aid to this kind of a transaction—citing *Horn* v. *Star Foundry Co.,* 23 W. Va. 522-n. If the transaction is fraudulent and the fraud is put in issue by pleadings in the cause, this position is sound. In the case last cited, the answer of the defendant alleges that the trust sought to be enforced was a device on the part of the real plaintiff to hinder, delay and defraud his creditors. Thus the pleadings put the alleged fraud in issue. The court applied the maxim "where both parties are equally guilty, the defendant shall prevail."

The defect in the position of appellant in the case before us is, as indicated above, that he did not assail or put the character of the transactions in question in issue by his pleading in the cause.

It is further contended that the court below erred in decreeing that a certain portion of the land in question shall be deeded to Eliza Hensley. That if she were entitled to have an express trust enforced, she is only entitled to an undivided one-half interest in the entire tract. This position is not supported by, and is contrary to, the evidence in the case which establishes the trust. That evidence is, in effect, as noted in the above statement of facts, that appellant accepted the trust for Eliza Hensley and Martha E. Hensley; that the interest of the former in the subject of the trust at the time was not undivided, but a specific part

of the land set apart to her by partition as aforesaid; that this was known to appellant at the time he accepted the trust, as must be inferred from the situation and circumstances surrounding the parties; that such specific portion of land belonging to Eliza Hensley was reduced, by the sale and conveyance aforesaid to Burdine as aforesaid, to the specific parcel of land claimed by her in the bill, so that the latter was entitled to a decree against appellant for a conveyance of such specific parcel of land.

For the foregoing reasons, we find no error in the decree complained of and it will be affirmed.

*Affirmed.*