𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

FREY'S EXECUTORS V. TILLETT.

September 17, 1919.

1. ASSIGNMENTS FOR THE BENEFIT OF CREDITORS—*Rights of Creditors of the First Class and Creditors of the Second Class.*— Where property conveyed in a deed of trust for the benefit of creditors was in good faith applied to the debts of creditors of the first class, then the estate of a creditor of the second class has no right to complain, even though after the application was made a creditor of the first class should have seen fit to relinquish any part or all of his interest to the wife of the debtor, there being no allegation in the bill, and no proof of any fraud on the part of the debtor in the execution of the deed of trust, or of anything fictitious in the first preferred debts.

2. FRAUD AND DECEIT—*Sufficiency of Proof of Fraud—Assignments for the Benefit of Creditors.*—Although evidence may point strongly to fraud, unless the fraud complained of is clearly charged in the pleadings and clearly established by proof, it cannot be made the basis of a decree for relief.

3. ASSIGNMENTS FOR THE BENEFIT OF CREDITORS—*Fraud—Laches of Creditor.*—In 1894 a debtor made an assignment for the benefit of his creditors, placing two debts in the first preferred class and in the second preferred class a debt of complainant's decedent and a number of smaller debts. In 1906 complainant's decedent attacked the disposition of a part of the funds by the trustee in the deed of assignment and collected one-half of his debt from a fund in the hands of a guardian of one of the children of the debtor, his demand not being resisted by the child on his attaining his majority. Nothing further was done until 1915, when the present suit was instituted by the complainants, the debtor and the creditors of the first class having in the meantime died and the trustee having disappeared.

*Held:* That the complainants were barred from recovery by their laches and the laches of their decedent.

Appeal from a decree of the Corporation Court of city of Roanoke. Decree for defendant. Complainants appeal.

*Affirmed.*

The opinion states the case.

*James D. Johnston* and *Johnston & Izard,* for the appel-
·lant.

*Dillard & Dillard,* for the appellee.

KELLY, J., delivered the opinion of the court.

In the year 1894, Owen Duggan, a liquor dealer, became
involved in debt and executed a deed of assignment con-
veying all of his real estate and personal property to Ed-
ward Lyle, trustee, for the benefit of his creditors. In this
deed he placed in the first preferred class only two debts,
one to James A. Martin for about $1,800 and the other to
Louis Obermeyer for about $8,000. The second preferred
class embraced a number of smaller debts aggregating about
$2,800, the largest of which was the debt of Otto Frey for
about $800. The other debts provided for in the deed of
assignment are immaterial to this controversy.

In 1897, Lyle, trustee, acting under the deed of assign-
ment, sold and conveyed the real estate held by him there-
under to Obermeyer for a recited consideration of $9,500
in cash, and in 1899 Obermeyer conveyed the greater part
of the real estate thus acquired by him to M. A. Duggan,
the wife of Owen Duggan, for a total consideration of $8,-
000, $2,081.70 cash and the balance in two equal install-
ments of $2,959.15 each, represented by negotiable notes
to the order of Obermeyer, payable in one and two years,
and secured by vendor's lien. These notes were assigned
by Obermeyer to Lyle, trustee, without recourse and with-
out consideration. The purpose of this assignment is not
satisfactorily explained by any evidence in the case. The
subsequent disposition of them by Lyle, trustee, would seem
to indicate that Obermeyer, as a gratuity to Mrs. Duggan,

accepted in full settlement of his debt the cash payment she made to him and such of the Owen Duggan real estate as he did not convey to her, and donated to her his interest in the notes subject to the rights of Martin, the other creditor of the first class, a due proportion of whose debt was afterwards paid from the proceeds. At any rate, Mrs. Duggan, who seems to have taken over and acquired a license to continue her husband's business, became indebted to the Virginia Brewing Company in the sum of $1,200, and Lyle, trustee, transferred the Obermeyer notes to that company as collateral security. Mrs. Duggan died in 1900 owing the brewing company a balance of about $500 and having paid nothing on the two Obermeyer notes. Thereupon, the brewing company, through its attorney, Edward Lyle (who was also the trustee, aforesaid), brought a suit in equity making Mrs. Duggan's administrator and her two infant children, Charles and Margaret, and the trustee defendants, for the purpose of enforcing the vendor's lien which secured the notes held by it as collateral. The bill in that suit contained the following allegation:

"Your orator (Virginia Brewing Company) further shows unto your honor that the said notes referred to are held for the security of a debt due your orator in the sum of $ . . . . ., with interest, etc., and that residue of the said notes is payable to Edward Lyle, trustee, by whom they were delivered to your orator as collateral security for the above debt, and that your orator is informed that the said trustee has an equity in the residue of the said notes after the payment of the above amount due your orator, to secure certain beneficiaries of his trust, the details of which he is not sufficiently informed to incorporate into his bill."

About this time the American Credit Indemnity Company filed a general creditors' bill against the administrator of Mrs. Duggan and others, and this cause was brought on to be heard with the vendor's lien suit of the Virginia

Brewing Company. In these causes a commissioner, appointed to report upon sundry questions, incorporated in his report the following note: "It appearing from the statement of Obermeyer that he has been satisfied in full, and he having transferred the notes endorsed without recourse on him to Edward Lyle, trustee, as collateral to secure his commission for making the sale under the trust deed from Duggan to Lyle, trustee, and the amount due Mrs. ...... Martin under the sale, Obermeyer having paid no cash thereunder, but taking credit for the amount of his debt secured in said deed of trust, which amount due Mrs. Martin is admitted to be $1,200, and to be prorated with other debts of the said Mrs. Duggan."

The only deposition of Obermeyer taken in these causes, so far as the record before us shows, does not cover all the facts stated in the note above quoted. His deposition was very brief, however, and there was no cross examination. The deposition is not inconsistent with the commissioner's note, and the commissioner may not, and perhaps did not, base his report solely upon the information therein contained. As a matter of fact, the proceeds of the note appear to have been actually applied, so far as Lyle, trustee, was concerned, substantially in conformity with the report of the commissioner in respect thereto.

Pursuant to a decree rendered in the two causes above mentioned, the real estate conveyed by Obermeyer to Mrs. Duggan was sold and after paying certain delinquent taxes, funeral expenses and other obligations of her estate, and certain commissions to Lyle, trustee, and a pro rata payment upon the Martin debt, there remained a balance of $2,883.62, which, pursuant to a decree of November 12, 1903, was paid to T. R. Tillett, guardian of Charles and Margaret Duggan.

In March, 1906, the causes aforesaid still pending on the docket, Otto Frey was permitted to file his petition in which

he alleged that when Obermeyer bought the Duggan property there was an agreement between him and Frey to give the latter a lien thereon for his debt; that Obermeyer disregarded this agreement; that Mrs. Duggan had full knowledge of the agreement, and that the conveyance from Obermeyer to Duggan was without consideration, fraudulent and. void. No evidence of any such agreement appears in the record. The order allowing this petition to be filed directed Tillett, guardian, to retain the funds then in his hands until the further order of the court.

Shortly after Frey's petition was filed, Charles Duggan attained his majority, and by his authority the guardian paid over to the attorney for Frey the sum of $600, which discharged in full one-half of the principal and accrued interest on the Frey debt. No other steps or action seem to have been taken on this petition from the time it was filed in March, 1906, until April 24, 1915, when, on motion of the defendants thereto, it was dismissed on the ground that the decree of November 13, 1903 (directing the fund to be paid to Tillett, guardian), was a final decree, and the petition came too late.

In June, 1915, shortly after the petition was dismissed, the present suit was brought by the executors of Otto Frey, the purpose of which was to collect from the funds in the hands of Tillett, guardian, the balance of the debt due from. Owen Duggan to Otto Frey. The bill made no allusion to any such agreement between Obermeyer and Frey, as was alleged in the petition filed by Frey in the above-recited litigation, and made no attack on the deed from Obermeyer to Duggan, but charged Lyle with a breach of trust in transferring the notes to the Virginia Brewing Company and in his subsequent course of dealing with regard thereto, and sought to recover the balance of the Frey debt by treating the funds in the hands of Tillett, guardian, as a trust fund for the benefit of the Duggan creditors.

The lower court, on final hearing, being of opinion that the complainant had failed to establish his claim as set out in the bill, and further that the claim was barred by the statute of limitations, entered a decree dismissing the bill. From that decree, this appeal was allowed.

The case on both sides has been very fully and ably argued before us, orally and in briefs. The argument took a wide range and dealt with a number of interesting questions. We are of opinion, however, that the decree complained of was right for reasons which may very briefly be stated.

[1, 2] 1. The complainants manifestly cannot maintain their contention and secure the relief which they seek unless they are entitled to have the court treat the deed of trust from Owen Duggan to Lyle, trustee, and the indebtedness therein secured to Obermeyer as fraudulent and fictitious. In other words, if there was an indebtedness of over $9,500 from Duggan to creditors of the first class, and the property conveyed in the Lyle deed of trust was in good faith applied to those debts, then Otto Frey's estate has no right to complain, even though after the application was made Obermeyer should have seen fit to relinquish any part or all of his interest to Mrs. Duggan. There is no allegation in the bill and no proof of any fraud on the part of Owen Duggan in the execution of the deed of trust, or of anything fictitious in the first preferred debts mentioned therein. It is argued, and with some reason, that the transaction as it appears in the record before us is a very suspicious one, but it is a familiar rule that although evidence may point strongly to fraud, unless the fraud complained of is clearly charged in the pleadings and clearly established by proof, it cannot be made the basis of a decree for relief. *Fleenor* v. *Hensley*, 121 Va. 367, 93 S. E. 582.

[3] 2. It is apparent from the petition filed by Otto Frey in his lifetime and by the allegations of the bill filed

by his executors that he himself was fully apprised of the transfer of the property from Obermeyer to Mrs. Duggan and the assignment of the notes by Lyle to the Virginia Brewing Company. He made no attack on these transactions until 1906, when he filed his petition. Within a few months thereafter. he collected one-half of his debt from one of the children of Mrs. Duggan. As appears from what has already been said, it would seem highly probable that if young Charles Duggan had seen fit to resist the demand made upon him, the petitioner, Frey, being a creditor in the second class, would have been unable to show that he was in any way interested in the funds in the hands of the guardian. As a matter of fact, both Charles Duggan and his sister make that exact claim in their answer to the bill in this case. However this may be, nothing further was done from 1906 until 1915, and we think it clear under this state of facts that the complainants are barred from recovery by their laches and by the laches of their decedent, Otto Frey. Owen Duggan, Martha Duggan and L. Obermeyer are dead, and the record indicates that Lyle, trustee, himself has disappeared, or that his whereabouts are unknown. It is true that Obermeyer's deposition was taken in the litigation which we have recited, but that deposition was not taken with reference to any attack upon the *bona fides* of the Obermeyer deed nor any attack upon the transactions of the trustee. The deposition was very meager and the witness was not cross examined.

Upon the record before us, we are unable to say that the complainants are entitled to any relief; and the decree of the lower court must be affirmed.

*Affirmed.*