## ROGERS et al. v. ROGERS et al.
### (No. 323–3665.)

(Commission of Appeals of Texas, Section A. May 23, 1922.)

**1. Trusts 48, 56—Equity will leave parties to trust created for fraudulent purpose in the position in which they have placed themselves.**

A trust created for a fraudulent purpose will not be enforced, nor will the person creating it, or his heirs or devisees, be relieved by setting aside the conveyance and restoring the property, but equity will leave the party in the position in which they placed themselves.

**2. Trusts 56—Fraud actuating one who conveyed property in trust to be available in suit to recover property conveyed must be specifically pleaded.**

In a suit to recover property conveyed in trust for a fraudulent purpose, the fraudulent purpose actuating the party making the conveyance to be available as a defense must be specifically alleged in the pleadings.

**3. Trusts 56—Pleadings held insufficient to prove property conveyed in trust for a fraudulent purpose.**

In action for partition of land conveyed by plaintiff's ancestor to defendant in trust under defendant's agreement to reconvey, in which defendant claimed sole ownership and claimed that the trust was created for a fraudulent purpose, and that the court was therefore without power to enforce it, the pleadings *held* not sufficient to support a judgment for the defendant, being insufficient to show that the property was conveyed to him for a fraudulent purpose.

**4. Evidence 374(9)—Superseded will admissible to prove intent of testatrix in conveying land upon proof of testator's handwriting, where attesting witnesses were dead.**

In action for partition in which defendant claimed ownership by deed from plaintiff's ancestor, a superseded will, in which ancestor had devised the land to the defendant, was competent on proof of two witnesses as to ancestor's handwriting on issue of ancestor's intent in conveying land to defendant, though the subsequent will was in evidence and attesting witnesses to the superseded will were dead, under Rev. St. art. 3267.

**5. Deeds 109—Intent of grantor provable by circumstantial evidence.**

In action for partition in which defendant claimed sole ownership under deed from plaintiff's ancestor, and in which there was a conflict in the testimony concerning the intent and purpose of ancestor in conveying land to defendant and concerning delivery of the deed if it was delivered, the defendant had a right to sustain his testimony on such issues by circumstantial evidence.

**6. Infants 83—Fee of guardian ad litem of defendants infant heirs who prevailed in partition against another defendant taxed against the infants.**

In action for partition in which infant defendants who were represented by guardian ad litem prevailed as against other defendant who claimed sole ownership, the guardian ad litem's fee should have been taxed against the infants and not against such other defendant.

**7. Infants 83—Guardian ad litem's fee taxed against adverse party at whose instance he was appointed.**

In partition in which guardian ad litem was appointed for infant defendants, the Court of Civil Appeals, in reversing judgment for plaintiffs and infant defendants as against a defendant who claimed sole ownership, should not have taxed the costs, including the guardian ad litem's fee against all the plaintiffs, but should have taxed such fee against the plaintiff at whose instance he was appointed.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by T. C. Rogers and another against Manuel Rogers and others. Judgment for plaintiffs reversed, and judgment rendered for named defendant by the Court of Civil Appeals (230 S. W. 489), and plaintiffs bring error. Judgments of district court and of Court of Civil Appeals reversed, and cause remanded.

James M. Taylor, H. R. Sutherland, and E. B. Ward, all of Corpus Christi, for plaintiffs in error.

J. C. Scott, of Corpus Christi, for defendants in error.

GALLAGHER, J. T. C. Rogers and W. L. Rogers brought this suit in the district court of Nueces county as plaintiffs, against Manuel Rogers and the heirs of Pat Rogers as defendants, to recover a half interest in lots 1 and 2 in block 12 in the Beach part of Corpus Christi and for partition of the same. They alleged that their mother, Julia Rogers, owned the property sued for, and that in the year 1906 she conveyed the same to her son, Manuel Rogers, by warranty deed, but with the understanding between her and said Manuel Rogers that he was to hold said property in trust for her and redeed the same to her, and that the said understanding was the sole consideration for said deed, though the same recited the payment of $1 and the receipt of other valuable considerations. They further alleged that their said mother was dead, and that by the terms of her will, which had been duly probated, all real and personal property not specifically devised thereby should be divided between her four sons, plaintiffs, T. C. Rogers and W. L. Rogers, the defendant, Manuel Rogers, and Pat Rogers, now deceased, represented in this suit by his legal heirs. They further alleged that Manuel Rogers was executor of said will, and that said property belonged to the estate of their said mother, that it was not specifically devised by her will, and that they were entitled to one-fourth each, the heirs of Pat Rogers to one-fourth and the defendant Manuel

Rogers to the remaining one-fourth thereof. The heirs of Pat Rogers all either disclaimed or made default.

Manuel Rogers filed an answer, in which he denied the allegations of the petition, and alleged that he had been for many years prior to the execution of said deed manager of his mother's business, that she had never paid him anything therefor, and that said deed was intended to convey said property to him as a gift in recognition of said services. He also pleaded title by limitation. He prayed for a judgment establishing title to such property in himself and removing the cloud cast thereon by the claims of the plaintiffs.

W. L. Rogers died before trial. Manuel Rogers caused scire facias to be issued and served on his surviving wife and children. They failed to appear and make themselves parties, and defendant, Manuel Rogers, procured an order of court making them plaintiffs, and appointing a guardian ad litem for seven of said children who were minors.

The guardian ad litem filed a pleading for the minors, in which he adopted the original petition in the case, and then pleaded further in substance that the defendant Manuel Rogers, at the time of the execution of said deed, managed and controlled all the business affairs of his mother, Julia Rogers; that said deed was executed at his instance and direction, for the purpose of evading a certain lease contract then in force, by which the property was leased for a number of years, but which lease provided that it should be terminated at the instance of the holder of the title in event she should dispose of the same; that no title passed by said deed, but that Manuel Rogers agreed to redeem said property to her as soon as said deed had served its purpose; that Julia Rogers acted in good faith in carrying out the instructions of Manuel Rogers in said transaction, and that he was solely responsible therefor; that said deed was not delivered to him in any manner but that he had possession of her property and title papers, and in this way came into possession of said deed.

There was a trial before a jury and a verdict on special issues, finding the following facts:

"(a) That in executing the deed in question it was not the intention of Julia Rogers to convey to Manuel Rogers, appellant, the absolute or unconditional title to the property in dispute; (b) that said deed 'was made and delivered for the purpose only of terminating the lease' to Fitch; and, (c) against such possession, etc., as would establish in appellant a five-year limitation title."

Upon these findings the trial court rendered judgment that plaintiffs, T. C. Rogers, and the heirs of W. L. Rogers recover of Manuel Rogers an undivided one-half of the property sued for, and that the same be

240 S.W.—70

sold for partition, one-fourth of the proceeds to be paid to the plaintiff T. C. Rogers and one-fourth to the heirs of W. L. Rogers, deceased.

The defendant Manuel Rogers appealed. The Court of Civil Appeals reversed the judgment of the trial court, and rendered judgment for Manuel Rogers for the property and for all costs of suit. 230 S. W. 489.

The plaintiffs T. C. Rogers and the heirs of W. L. Rogers obtained writ of error.

The Court of Civil Appeals reversed and rendered the case on the ground that the jury found that the purpose of the deed from Julia Rogers to Manuel Rogers was to terminate the lease above referred to, and that the evidence in connection with such finding shows as a matter of law that such purpose was fraudulent as to the holder of said lease.

While no such defense was pleaded or urged by the defendant Manuel Rogers, in the trial court, the Court of Civil Appeals held that the pleadings of the guardian ad litem are sufficient to raise such issue, and that they supply the deficiency in that respect in the pleadings of the defendant Manuel Rogers. Both these holdings of the Court of Civil Appeals are assigned as error.

[1] It is well settled that a trust created for a fraudulent purpose will not be enforced, nor the person creating the same, his heirs or devisees relieved by setting aside the conveyance and restoring the property. Equity will leave the parties to such transactions in the position in which they have placed themselves, refusing all affirmative aid to either of the fraudulent participants. 3 Pom. Eq. Jur. pp. 2147, 2148, § 987; 1 Pom. Eq. Jur. pp. 746–748, § 401; Brackenbury v. Brackenbury, 2 Jacob & Walk. 391; Eastham v. Roundtree, 56 Tex. 110; Hoeser v. Kraeka, 29 Tex. 450; Wilson v. Demander, 71 Tex. 603, 9 S. W. 678.

[2] It is, however, also well settled that in a suit to recover property conveyed in trust for a fraudulent purpose the fraudulent purpose actuating the party making the conveyance, to be available as a defense, must be specifically alleged in the pleadings, and that unless so alleged no amount of proof of such purpose will defeat a recovery. Smith v. Olivarri (Tex. Civ. App.) 127 S. W. 235; Cooper v. Loughlin, 75 Tex. 524, 527, 13 S. W. 37; Irion v. Mills, 41 Tex. 310; Compton, Ault & Co. v. Marshall, 88 Tex. 50, 57, 27 S. W. 121, 28 S. W. 518, 29 S. W. 1059; Fleener v. Hensley, 121 Va. 367, 93 S. E. 582, 584; Gregory v. Peoples, 80 Va. 355, 359.

Do the pleadings of the guardian ad litem allege such fraudulent intention and action on the part of Mrs. Julia Rogers in the transaction under consideration as would prevent her, her heirs or devisees, from recovering the property described in said deed and sued for in this cause?

The pleadings of the guardian ad litem must all be construed together. To be available to the defendant in the case as the sole basis for defeating a recovery against him, they must, when so considered, disclose on their face that the deceased, Julia Rogers, executed and delivered such deed to him with the fraudulent purpose of having him as the grantee therein represent and pretend to the holder of said lease that he actually held title to said property, and that he had a right, under the stipulations in said lease, to terminate the same, and by such false representations and pretenses secure a surrender of such lease, or recover possession of the property from such lessee for her benefit.

The allegations of the pleadings under consideration are a little obscure with reference to her knowledge of the purpose of the grantee in having her execute such deed, and her intention in executing the same. It is distinctly alleged that she executed the same at the instance and direction of Manuel Rogers, the grantee therein; that he was solely responsible for the whole transaction, and that at the time he was managing and controlling all her business affairs. It is further distinctly alleged that she acted in the matter in good faith and under his instructions. It is also alleged that the deed was never delivered to the grantee in any manner, but that he came into possession of it by reason of the fact that he had the control and custody of her property and title papers.

The allegations of said pleadings should be construed, if possible, so as to assert a cause of action for the recovery of the property. As in case of general demurrer, every reasonable intendment should be indulged in favor of their sufficiency for such purpose. To defeat a recovery it was necessary that the deceased, Mrs. Rogers, should have understood and intended that the grantee in said deed should falsely pretend to the lessee of said property that he actually held title thereto, and should use said deed to give color to said claim. If such meaning can be ascribed to such pleadings, it must be by inference only. They do not so allege, but on the contrary they do allege that she acted in good faith and in effect charge the responsibility for the whole transaction upon Manuel Rogers alone.

Before said deed could be effective to transfer title to said property from the deceased, Julia Rogers, to the defendant Manuel Rogers, it was necessary that there should have been an actual or constructive delivery of the same to him. No such delivery is alleged. On the contrary, it is expressly alleged that such deed was not delivered to him, but that he came into possession of it by reason of his custody and control, as her business manager, of her papers and property. The ef-

fect of this allegation is to assert that she never parted with her title to the property sued for, and that his claim thereto is unfounded. Kopplemann v. Kopplemann, 94 Tex. 40, 44, 45, 57 S. W. 570.

[3] We do not think that the allegations of the pleadings of the guardian ad litem are sufficient to support a judgment in favor of the defendant Manuel Rogers on the ground that the property was conveyed to him for the purpose on the part of Mrs. Rogers of defrauding the holder of said lease. This conclusion requires that the judgment of the Court of Civil Appeals be reversed. It also requires us to consider the other assignments of error presented by defendant Rogers to the Court of Civil Appeals. Holland v. Nimitz (on rehearing) 239 S. W. 185.

[4] Defendant Manuel Rogers, in support of his contention that the deed from Julia Rogers to him was executed and delivered for the purpose of vesting in him an absolute fee-simple title to the land described therein, offered in evidence an abandoned and superseded will of the deceased, Julia Rogers. This will was dated April 1, 1905, and purported to have been signed by her by her mark, and by John D. Cleary and Pedro Eznal as witnesses. There was evidence that Mrs Rogers had not signed her name since the 70's. The defendant Manuel Rogers proved in that connection by two witnesses that both said subscribing witnesses were dead, that the name of the deceased, Julia Rogers, signed thereto, was in the handwriting of said Pedro Eznal; and that the signatures of both of said subscribing witnesses were genuine. He also proved that Mrs. Julia Rogers was at that time of sound mind.

This will by its terms devised to each of the four sons of Mrs. Julia Rogers, including the defendant Manuel Rogers, a considerable list of real estate. In addition to such list of lands devised to said Manuel Rogers it, in a separate and independent paragraph, devised to him the identical property described in said deed.

The subsequent will of the deceased which was probated as her last will was already in evidence. It was dated November 4, 1909. It also devised to each of said four sons a separate list of real estate, but it contained no mention whatever of the property described in said deed.

Plaintiffs objected to the introduction of said will in evidence on the ground that its execution had not been properly proved, and on various other grounds, the substance of the same being that it was immaterial, that it had never been probated, that Mrs. Rogers changed her mind and made a different will, and that such unprobated will was incompetent to establish any fact in issue in this case. The court sustained this objection and excluded the instrument. The plaintiffs ex-

cepted, and assigned such action of the court as error.

The statutes provide that a written will produced in court may be proved for probate when none of the subscribing witnesses are living, on proof by two witnesses of the handwriting of the subscribing witnesses thereto, and also of the testator if able to write. R. S. art. 3267. We do not think any other or further proof was required to establish the execution of the instrument for the purpose for which it was offered in this case.

[5] Mrs. Rogers being dead, and there being a conflict in the testimony concerning her intent and purpose in the execution of this deed, and its delivery, if it was delivered, the defendant Rogers had a right to sustain his testimony on that point by circumstantial evidence. Wells v. Fairbanks, 5 Tex. 582, 585; Davie v. Terrill, 63 Tex. 105, 107. We quote from Wells v. Fairbanks, supra, as follows:

"Great latitude is justly allowed by the law, to the reception of indirect or circumstantial evidence, the aid of which is constantly required to remedy the want of direct evidence. In the absence of direct evidence, that which conduces, in any degree, to establish a material fact alleged, is in general, admissible. Any fact may be submitted to a jury, provided it can be established by competent means, which affords any fair presumption or inference as to the question in dispute. 1 Stark, Ev. 57, 58."

We think the fact that this former will devised the property sued for to defendant Manuel Rogers apparently as a special legacy apart from the general scheme of distribution of the estate of the testatrix was a circumstance which defendant Rogers was entitled to have the jury consider in connection with all the other facts and circumstances in evidence in determining whether the deed to him was intended to create a trust for the benefit of the grantor or to invest him with a fee-simple title to the land.

[6] The guardian ad litem was appointed to represent the minors at the instance of defendant Manuel Rogers, who was asking affirmative relief against them. The trial court allowed him a fee of $500 for his services, and ordered the same taxed as costs against the defendant Manuel Rogers. This was error. The minors having recovered in the cause, the cost of their guardian ad litem should have been taxed against them. Holloway v. McIlhenny, 77 Tex. 657, 662, 14 S. W. 240.

[7] The Court of Civil Appeals, in reversing the judgment of the trial court and rendering judgment for Manuel Rogers, ordered all the costs, including the fee of the guardian ad litem, taxed against all the plaintiffs. This also was error. The minors having been by such judgment denied any recovery at all, the compensation of their guardian ad litem should have been taxed against the adverse party at whose instance he was appointed. Mitchell v. Mitchell, 80 Tex. 101, 115, 15 S. W. 705; Pryor v. Krause (Tex. Civ. App.) 168 S. W. 498, 504 (writ refused).

We recommend that the judgments of the district court and the Court of Civil Appeals be reversed and the cause remanded to the district court for another trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.