# Richmond.

## SIDNEY PERKINS V. LEE PERKINS.

January 18, 1923.

1. VENDOR AND PURCHASER—*Trusts and Trustees—Bona Fide Purchaser—
Case at Bar.*—Appellant, the owner of a tract of land, sold four acres
thereof to his brother, but never conveyed it to him. Thereafter,
appellant executed a deed of trust upon the entire tract, which was
sold thereunder upon default. There was an absolute conveyance
to the purchaser of the entire tract, but there was a paper in the
record by which the purchaser agreed to reconvey to appellant for
the consideration of $300. Appellant induced one B. to advance the
$300, with the understanding that the deed should be made direct to
B., and that when appellant repaid B. the land was to be conveyed
to appellant. B.'s nephew succeeded to his rights and conveyed the
tract to one C. It appeared from the evidence that the nephew
knew of the rights of appellant and his brother, the appellee, and
expressly charged C. with the execution of the trust. C. then con-
veyed the land to appellant's brother, the appellee. The considera-
tion paid by C. was less than the land was worth.

    *Held:* That neither C. nor the appellee were innocent purchasers for
value without notice, but held the property under the same parol
trust under which it had been previously held by their predecessors.

Appeal from a decree of the Circuit Court of Buck-
ingham county. Decree for complainant. Defendant
appeals.

*Affirmed.*

The opinion states the case.

*Hall & Rogers* and *F. C. Moon,* for the appellant.

*Hubard & Boatwright,* for the appellee.

PRENTIS, J., delivered the opinion of the court.

The appellee, Lee Perkins, bought the ninety-two and one-half acres of land here involved about the year 1898 from the county of Buckingham. In 1904 he sold four acres thereof to the appellant, Sidney Perkins, his brother, but never conveyed it to him. The title of Sidney Perkins to this four acres is assured to him by the decree appealed from and need not be further considered. Thereafter, in March, 1908, Lee Perkins executed a deed of trust upon the entire tract to E. W. Hubard, trustee, to secure a debt to the Bank of Buckingham. Default having been made in the payment of this debt, the trust was executed and the entire tract sold at public auction to Sands Gayle. While there was an absolute conveyance to Gayle, there is a paper in the record signed by him to the effect that he, after purchasing the land, agreed to reconvey it to Lee Perkins for the consideration of $300; that thereafter, after many delays, Perkins had induced Dr. T. L. Bondurant to advance the amount and pay for the land, with the understanding that the deed should be made direct to Bondurant, and that when Lee Perkins repaid the amount it was to be reconveyed to him. In accordance with this understanding the entire tract was conveyed to Bondurant. Under the will of Bondurant, his nephew, A. L. Bondurant, succeeded to the rights and obligations of his uncle, Dr. T. L. Bondurant, under the deed from Gayle. Thereafter, in 1916, A. L. Bondurant conveyed the tract to one B. A. Crews.

The evidence is not perfectly clear as to the precise understanding of Crews and A. L. Bondurant with reference to the terms of the trust with which the land was charged. It does appear, however, that A. L. Bondurant knew that both Lee Perkins and Sidney Perkins were interested therein and he expressly charged Crews with the execution of that trust. Crews immediately

thereafter entered into a contract with Sidney Perkins whereby he agreed to sell, pursuant to which he thereafter conveyed, the entire tract to him for a small advance over the amount which he (Crews) had paid. There is convincing evidence that the land, at the time of the conveyance from Bondurant to Crews, was worth a great deal more than the consideration paid therefor, as Bondurant recognized his obligation to collect only the amount of the debt due, and expressly states that he did not intend to make Crews a present of this excess value, but intended that he should recognize and respect the rights of both the appellant and the appellee, who it may be observed are ignorant colored men.

Thereafter Lee Perkins instituted this suit, alleging that Crews and his brother, Sidney, had conspired to defraud him of his equitable title to the property. The answers of Sidney Perkins and Crews assert that they were innocent purchasers for value, and rely upon their record title.

It appears that while Sidney Perkins was in possession of the four acres of land hereinbefore referred to, Lee Perkins was in possession of the residue of the tract until the year before this suit was brought, and that since the conveyance to him, Sidney Perkins has sold a large quantity of the timber which grew upon the land, and that he paid his debt to Crews for the land out of the proceeds of this timber.

The evidence is conflicting in many respects, but the main facts hereinbefore stated sufficiently appear.

The court being of opinion that Crews conspired with Sidney Perkins when he contracted to convey and thereafter did convey the entire tract of land to him, upon the ground that Crews held the legal title to the land in trust for Lee Perkins as to the entire tract, save and except the four acres which had been formerly sold to

Sidney Perkins by Lee Perkins, so decreed, and referred the cause to a master commissioner to inquire and report as to the value of the timber which had been cut from the tract after the sale from Bondurant to Crews, as well as the fair rental value of the property involved, excepting from these inquiries the four acres of land sold by Lee Perkins to Sidney Perkins; and of this decree Sidney Perkins is here complaining.

The issue then is, whether Crews and Sidney Perkins are innocent purchasers for value without notice, or whether, on the other hand, with sufficient notice of the equitable rights of Lee Perkins, they held the property upon the same parol trust under which it had been previously held by Gayle and his successors in title.

No prolonged discussion is necessary. It taxes our credulity too much, in view of the facts which we have stated and the relations of the parties, to believe that either Crews or Sidney Perkins were ignorant of the trust upon which the land had been held ever since Gayle had accepted and declared it in 1914.

The case is controlled by the principles announced in *Young* v. *Holland*, 117 Va. 433, 84 S. E. 637; *Taylor* v. *Delaney*, 118 Va. 203, 86 S. E. 831; *Fleenor* v. *Hensley*, 121 Va. 367, 93 S. E. 582; and there is no error in the decree appealed from.

*Affirmed.*