## DARDEN v. DARDEN.

### No. 5429.

Circuit Court of Appeals, Fourth Circuit.

Dec. 12, 1945.

William G. Maupin, of Norfolk, Va. (R. F. McMurran, of Portsmouth, Va., on the brief), for appellant.

Robert B. Tunstall, of Norfolk, Va., and Francis B. Burch, of Baltimore, Md., for appellee.

Before DOBIE, Circuit Judge, and CHESNUT and BARKSDALE, District Judges.

DOBIE, Circuit Judge.

This appeal is brought by Lillian Le-Compte Darden, hereinafter referred to as Mrs. Darden, Senior, or as defendant, from a final judgment in the amount of $6,000 entered against her in the District Court of the United States for the Eastern District of Virginia, in a suit brought by her daughter-in-law, Barbara L. Darden, hereinafter referred to as Mrs. Darden, Junior, or as plaintiff, to recover all or part of the proceeds of a $10,000 government insurance policy on the life of their respective son and husband, Captain William H. Darden, who was killed in a plane crash occurring near Fresno, California, on December 6, 1943.

The original complaint alleged three distinct theories on which recovery was sought: (1) That Captain Darden had, in fact, changed the beneficiary of his policy from his mother to his wife before his death; (2) that his mother had agreed to hold the proceeds of the policy, over and above the amount expended by herself and her husband (Captain Darden's step-father) for her son's college education, for the benefit of his wife (the plaintiff here); and (3) that by means of a telegram to her son (the existence of which was proven only by hearsay), Mrs. Darden, Senior, had agreed to turn $5,000 of the proceeds of the insurance over to her daughter-in-law. This last theory of the case was removed from the jury's consideration by the court's charge that no consideration for such a promise had been shown, so that the case went to the jury on the first two theories only.

The jury found against the plaintiff on the first theory, presumably on the basis of the court's ruling that some act by Captain Darden looking to a notification of the Veterans Administration of his intention to change beneficiaries was necessary, so that the statement made by him in official Army records that his wife was his beneficiary was, taken alone, insufficient. Accordingly, there is involved in this appeal only the second theory, that a parol trust had been created, on the basis of which the jury found for the plaintiff in the amount of $6,000. Though this claim was purely equitable, it was tried in the District Court with a jury, in accordance with the Virginia rule requiring an issue out of chancery in such cases where substantial conflict exists in the testimony. Hook v. Hook, 126 Va. 249, 101 S.E. 223.

The sole question presented on this appeal is whether the alleged declaration of trust was sufficiently explicit and unequivocal and was supported by sufficient evidence, so that a jury's finding in favor of the creation of the trust, approved by the lower Court in its order overruling motions for dismissal and for a new trial, will not be upset on appeal.

■ There is agreement between the parties that the case is controlled by Virginia law. The only basis of federal jurisdiction was the diversity of citizenship of the parties. The Virginia rule as to the quantum of proof required to establish a parol trust in personalty has been stated in Russell's Executors v. Passmore, 127 Va. 475, at page 496, 103 S.E. 652, at page 658:

"The standard of proof required by the authorities to establish a parol trust of personalty, as said in 3 Pomeroy's Eq.Jur. (3d Ed.), § 1008, 'demands clear and unequivocal evidence'—citing a great number of cases. The standard is certainly no higher than that applicable to parol trusts of real estate. As to the latter, the rule is that the declaration of the trust must be unequivocal and explicit and established by clear and convincing testimony. Fleenor v. Hensley, 121 Va. 367, 93 S.E. 582; Taylor v. Delaney, 118 Va. 203, 86 S.E. 831."

This is in accord with the general rule, as stated in 26 R.C.L. 1203:

"Whether a trust has been perfectly created is largely a question of fact in each case, and the court, in determining the fact, will give effect to the situation and relation of the parties, the nature and situation of the property, and the purposes or objects which the settlor had in view. The burden of proving the existence of a trust rests on the person asserting it, and he must prove it by clear and satisfactory evidence having in view all the surrounding facts and circumstances and the intention of the parties. The same degree of proof should be required to prove an express trust as to establish a resulting trust, and the naked oath of one witness, without other corroborating circumstances proved, ought never to be held as sufficient."

In this connection, it is particularly to be noted that the requirement beyond the testimony of one witness is that there be merely other corroborating circumstances, rather than any necessary requirement of specific corroborating testimony. This requirement of corroborating circumstanc-

es is of long standing, going back at least to Lench v. Lench, 10 Ves. 511, 516, 32 Eng. Rep.R. 946 (1805). But it has been specifically abrogated in some jurisdictions. Turman v. Ellison, 37 Cal.App. 204, 174 P. 396; Allen v. Williams, Tex.Civ.App., 218 S. W. 135.

We turn, then, to the evidence in the instant case, in the light of this rule. The establishment of the trust by Mrs. Darden, Senior, was testified to in clear and unequivocal terms by her daughter-in-law. This was vigorously denied by Mrs. Darden, Senior, and her husband. The jury, as judges of the credibility of witnesses accepted as true the testimony of the daughter-in-law. There appeared ample justification for this in view of the fact that the testimony of Mr. and Mrs. Darden, Senior, was flatly contradicted and impeached by written records. There was no other witness present who might have testified to these events, except the deceased Captain Darden.

The corroborating circumstances here are many. There was evidence of frequent argument within the family as to this insurance; evidence of Captain Darden's efforts to persuade his mother to give him back the policy itself so that he might have the beneficiary changed; evidence that at the time of the last such request Mrs. Darden, Senior, gave him the number of the policy, though refusing to give up the policy itself; and much evidence that both Mrs. Darden, Senior, and her husband regarded the cost of her son's education as a cash "investment" which he was expected to repay in cash. All these matters are certainly "corroborating circumstances" which make very plausible the type of compromise agreement to which Mrs. Darden, Junior, testified; since this agreement allowed the mother-in-law to keep the policy as security for her "investment" in her son's education, and at the same time made substantial provision for Captain Darden's wife and daughter, in accordance with his proven wishes.

The intentions of Captain Darden find corroboration from such facts as that he executed an unlimited power of attorney in favor of his wife; that he made her sole beneficiary under his will and designated his mother-in-law rather than his mother as the contingent beneficiary in the event his wife should predecease him; that five of his fellow officers testified to his intention to change the beneficiary of his pol-

icy so as to have all the proceeds go to his wife, and that his Army personal data record was made out on the assumption that this change had already been accomplished.

The requirements to be satisfied here are that the declaration of trust must be unequivocal and explicit and established by clear and convincing testimony and that, if this testimony is of one witness only, there be corroborating circumstances. We find that these requirements have been fully satisfied in this case. The only conflicting evidence was by witnesses with clear adverse interests whose credibility was impeached during the trial in unmistakable terms. The jury heard the testimony of all these witnesses, given in open court, and accordingly had full opportunity to decide what weight or credence should be accorded to it. The findings of fact by the jury will not be overturned if supported by substantial evidence. Jackson v. Greenhow, 155 Va. 758, 156 S.E. 377. Such evidence was presented in this case.

There was no error in the judgment of the District Court and it is affirmed.

Affirmed.